**In re ESTATE OF SCOTT.**

[Cite as *In re Estate of Scott,* 164 Ohio App.3d 464, 2005-Ohio-5917.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 2005 CA 13.

Decided Nov. 4, 2005.

Paul F. Princi, for appellee.

Robert J. Huffman Jr., for appellant.

---

DONOVAN, Judge.

{¶ 1} This matter is before the court on the notice of appeal of Samantha Hamlin, filed April 7, 2005. Lucinda D. Scott died testate on March 9, 2004, naming her daughters, Samantha Hamlin, Valerie Barton, and Renee Brown, and her son, Lonnie Duke, as beneficiaries in her will. On March 5, 2004, Lucinda Scott executed but did not record a transfer-on-death deed, designating Valerie Barton as the transfer-on-death beneficiary. The property that is the subject of the deed is located in Monroe Township, Miami County, Ohio. On April 16, 2004, the Miami County Probate Court appointed Valerie Barton as executor of Lucinda Scott's estate. On October 25, 2004, Valerie Barton filed an inventory and appraisal that did not include the real estate that is the subject of the transfer-on-death deed. On January 25, 2005, appellant filed exceptions to the inventory and appraisal, arguing that the inventory should include the Monroe Township property because the transfer-on-death deed was not recorded prior to the death of Lucinda Scott, making the deed invalid. The trial court concluded, by ruling on the pleadings without a hearing, as agreed by the parties, that a transfer-on-death deed that is duly executed but unrecorded as of the date of the death of the grantor does not become null and void for failure to record the deed before the grantor's death.

{¶ 2} The standard of review on appeal from a ruling on exceptions to an inventory is abuse of discretion. *In re Platt* (2002), 148 Ohio App.3d 132, 136, 772 N.E.2d 198. "Abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable." Id.

I

{¶ 3} Appellant's assignment of error is as follows:

{¶ 4} "The trial court erred in its decision dated March 28, 2005, by finding that a transfer on death pursuant to R.C. § 5302.22 does not require that the deed be recorded prior to the death of the transferor"

{¶ 5} R.C. 5302.22 provides:

{¶ 6} "(A) A deed conveying any interest in real property, * * * when duly executed in accordance with Chapter 5301. of the Revised Code and recorded in the office of the county recorder, creates a present interest as sole owner or as a tenant in common in the grantee and creates a transfer on death interest in the

beneficiary or beneficiaries. Upon the death of the grantee, the deed vests the interest of the decedent in the beneficiary or beneficiaries.

{¶ 7} "* * *

{¶ 8} "(B) Any person who, under the Revised Code or the common law of this state, owns real property or any interest in real property * * * may create an interest in the real property transferable on death by executing and recording a deed as provided in this section conveying the person's entire, separate interest in the real property to one or more individuals, including the grantor, and designating one or more other persons, identified in the deed by name, as transfer on death beneficiaries.

{¶ 9} "A deed conveying an interest in real property that includes a transfer on death beneficiary designation need not be supported by consideration and need not be delivered to the transfer on death beneficiary to be effective."

{¶ 10} There is no legal authority interpreting R.C. 5302.22. Seasoned probate practitioner Charles F. Allbery notes that "an effective [transfer-on-death] deed must be recorded during the life of the owner." Allbery, Transfer on Death Deeds, Another Probate Avoidance Opportunity (September, 2000), Dayton Bar Briefs 23. R.C. 5302.22 allows any person who owns real property, by executing *and recording* a transfer-on-death deed, to create in a transfer-on-death beneficiary an interest in the property that is transferable on the death of the property owner. The owner need not deliver the deed to the transfer-on-death beneficiary. "The deed effectively creates the designation [of a transfer-on-death beneficiary] upon the recording of the deed." Kuehnle & Levey, Baldwin's Ohio Practice, Ohio Real Estate Law (3d Ed.2003), Section 20:47. We note that the "designation of a transfer on death beneficiary can be revoked or changed at any time, without the consent of the beneficiary, by the owner's executing *and recording* a deed to one or more persons, including the owner, with or without the designation of another transfer on death beneficiary." (Emphasis sic.) Id., citing R.C. 5302.23(B)(4).

{¶ 11} Since the transfer-on-death deed was not recorded prior to Lucinda Scott's death, the grantor did not effectuate a transfer upon death to her daughter Valerie Barton. The property accordingly remained in Lucinda Scott's estate at the time of her death. Accordingly, the property should have been included in the inventory and appraisal that Valerie Barton filed. Appellant's sole assignment of error is sustained. The judgment of the trial court is reversed.

Judgment reversed.

Wolff and Grady, JJ., concur.