DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Michelle Morris ("Morris"), appeals from the decision of the Summit County Probate Court. This Court affirms.
 I. {¶ 2} Charles M. Morris ("Decedent") and Morris were married. In September of 2000, Morris and Decedent owned as joint tenants with right of survivorship, real property located at 2661 Myersville Rd., Uniontown, OH, 44685 ("the Property"). On September 18, 2000, Morris executed a general warranty *Page 2 
deed, waiving dower, and transferring her interest to Decedent. This deed was recorded. Morris and Decedent were divorced on October 23, 2000.
 {¶ 3} On August 25, 2006, Decedent executed a transfer on death ("TOD") deed, purporting to convey all of his interest in the Property to himself, transfer on death to Morris. On August 25, 2006, Decedent also executed a will. In the will, Decedent provided that his nephew, Appellee Joseph Mattia ("Mattia"), was to receive the residue of his estate. On August 30, 2006, Decedent passed away. On August 31, 2006, the TOD deed was recorded.
 {¶ 4} On September 7, 2006, Decedent's will was admitted to probate and Thomas P. Hall ("Hall") was appointed executor. On October 19, 2006, Morris recorded an Affidavit of Transfer on Death Beneficiary and a certified copy of Decedent's death certificate, indicating that she was the sole owner of the Property. Mattia filed an action seeking declaratory judgment that the TOD transfer of the Property was invalid and that the Property should be included in the residuary of the estate. Both Hall and Morris filed answers to Mattia's complaint.
 {¶ 5} On March 1, 2007, Mattia filed a motion for summary judgment. On March 14, 2007, Morris responded to Mattia's motion and filed a cross motion for summary judgment. On March 19, 2007, Hall filed a response, agreeing with Mattia's legal and factual position. On April 18, 2007, the trial court held a hearing on the pending motions. On May 23, 2007, the trial court granted Mattia's motion for summary judgment. Morris filed a timely notice of appeal asserting *Page 3 
two assignments of error for our review. We have combined Morris' assignments of error.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN GRANTING [MATTIA'S] MOTION FOR SUMMARY JUDGMENT[.]"
 ASSIGNMENT OF ERROR II "THE DECISION OF THE TRIAL COURT GRANTING SUMMARY JUDGMENT IN FAVOR OF [MATTIA] IS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]"
 {¶ 6} In her assignments of error, Morris argues that the trial court erred in granting Mattia's motion for summary judgment and that the trial court's decision was against the manifest weight of the evidence. We disagree.
 {¶ 7} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 8} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is *Page 4 
made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id., at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 10} Initially, we note that Morris' assignments of error provide a roadmap for our review and as such, direct our analysis of the trial court's judgment. However, our review of the trial court's grant of summary judgment is de novo and as such, the manifest weight of the evidence standard is inapplicable. The cause below was not resolved by trial, but rather by dispositive motions. Further, we note that even if we were somehow able to review the weight of the evidence, Morris has failed to 1) separately address this argument, 2) state the standard of review, or 3) provide any legal support for her argument. See App.R. 16(A); See also, Loc.R. 7(B)(7). The Rules of Appellate Procedure clearly state *Page 5 
that we "may disregard an assignment of error presented for review if the party raising it fails * * * to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2). For these reasons we will disregard Morris' second assignment of error.
 {¶ 11} In the instant case, the trial court determined that the TOD deed was invalid as a matter of law. Morris does not challenge the trial court's findings of facts. Instead, Morris challenges the trial court's determination that a TOD must be recorded prior to death to be valid. Therefore, we must determine whether, as a matter of law, R.C. 5302.22
served to invalidate the TOD deed. We note that this is an issue of first impression in this district. As such, we look to our sister districts for guidance.
 {¶ 12} R.C. 5302.22(A) provides, in pertinent part:
 "A deed conveying any interest in real property, and in substance following the form set forth in this division, when duly executed in accordance with Chapter 5301. of the Revised Code and recorded in the office of the county recorder, creates a present interest as sole owner or as a tenant in common in the grantee and creates a transfer on death interest in the beneficiary or beneficiaries. Upon the death of the grantee, the deed vests the interest of the decedent in the beneficiary or beneficiaries." (Emphasis added.)
Further, R.C. 5302.22(B) states, in part, that:
 "Any person who, under the Revised Code or the common law of Ohio, owns real property or any interest in real property as a sole owner or as a tenant in common may create an interest in the real property transferable on death by executing and recording a deed as provided in this section conveying the person's entire, separate interest in the real property to one or more individuals, including the grantor, and designating one or more other persons, identified in the *Page 6 
deed by name, as transfer on death beneficiaries." (Emphasis added.)
 {¶ 13} As the TOD in the instant case was not recorded prior to Decedent's death, the trial court determined that "the grantor did not effectuate a present interest in himself and a transfer-on-death interest in [Morris]. As required by the express statutory law, the two part requirement of R.C. 5302.22, executing and recording, to create a present interest in the Decedent and a transfer on death interest in [Morris], was not complied with." We agree with the trial court's reasoning.
 {¶ 14} Our research reveals that case law interpreting the language of R.C. 5302.22 is scarce. The Second District Court of Appeals recently decided this issue in In re Estate of Scott, 164 Ohio App.3d 464,2005-Ohio-5917. In that case, the second district determined that R.C.5302.22 required recordation prior to death. The court inScott, acknowledging the lack of case law on this issue, resorted to scholarly secondary sources for guidance. It concluded that because "R.C. 5302.22 allows any person who owns real property, by executingand recording a transfer-on-death deed, to create in a transfer-on-death beneficiary an interest in the property that is transferable on the death of the property owner[,]" recordation must take place before death. (Emphasis sic.) Id. at ¶ 10.
 {¶ 15} R.C. 5302.22 clearly requires both execution and recordation. The language of the statute makes explicit that execution and recordation together create a "present interest as sole owner or as a tenant in common in the grantee *Page 7 
and creates a transfer on death interest in the beneficiary or beneficiaries." R, C, 5302.22(A). Therefore, the interests in the property are not created until the grantor executes and records the deed. In the instant case, because Decedent did not record the TOD deed prior to death, he did not create a present interest in himself. The trial court stated and we agree, that
 "[b]ased on the express language of R.C. 5302.22
and the Court's ruling in In re Scott, when the TOD [d]eed was recorded on August 31, 2006, the deed could not create a present interest in the Decedent as a sole owner or as a tenant in common because the grantee, Decedent, was already deceased. Accordingly, at the time the TOD [d]eed was recorded, the TOD [d]eed could not create a transfer on death interest in Morris, as it did not create a present interest in Decedent, grantee."
 {¶ 16} We further agree with Mattia's statement that "[i]n order to create a present interest in the grantor/grantee, this person must be living." As this fundamental requirement was not met, the TOD deed failed.
 {¶ 17} Both parties argue that public policy concerns on this issue support their positions. Morris argues that requiring recordation prior to death would heighten the potential for malpractice as "[a]ny delay in recordation would "become a weapon against the filer." Further, Morris argues, this interpretation of the statute "leaves no room for counties where deeds are not immediately filed but must be left with the recorder, no room for delay, no excuse for having a deed signed on a weekend and needing to wait until the start of the work week to file." Mattia, on the other hand, argues that because a TOD deed is revocable, recordation during the grantor's lifetime is necessary to prevent fraud and the *Page 8 
possibility of multiple claims of title. We find Mattia's policy argument more compelling.
 {¶ 18} As the second district explained, "the `designation of a transfer on death beneficiary can be revoked or changed at any time, without the consent of the beneficiary, by the owner's executing andrecording a deed to one or more persons, including the owner, with or without the designation of another transfer on death beneficiary.'" (Emphasis sic.) Scott, supra, at ¶ 10, quoting Kuehnle Levey, Baldwin's Ohio Practice, Ohio Real Estate Law (3d Ed.2003), Section 20:47, citing R.C. 5302.23(B)(4). Scholarly sources interpreting theScott decision explain that "[t]he recording requirement helps alleviate concerns about fraud and undue influence, and the formality of the recording process helps ensure that the owner intended to make the transfer. Although a wrongdoer could unduly influence an owner to execute a deed and then record it, the extra requirement decreases the risk." Gary, Transfer on Death Deeds; The Nonprobate Revolution Continues (2006), 41 Real Prop. Prob. Tr. J. 529, 546-547. We find this reasoning persuasive.
 {¶ 19} As the TOD deed was not recorded prior to Decedent's death, "the grantor did not effectuate a transfer upon death" to his ex-wife, Morris. Scott, supra, at ¶ 11. Therefore, we must affirm the trial court's conclusion that based on the plain and unambiguous language of the statute, Mattia was entitled to *Page 9 
summary judgment as a matter of law. Accordingly, Morris' first assignment of error is overruled.
 III. {¶ 20} Morris' first assignment of error is overruled. We decline to address the second assignment of error. The judgment of the Summit County Probate Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 SLABY, P. J. DICKINSON, J. CONCUR *Page 1