[Cite as *State v. Ayers*, 194 Ohio App.3d 812, 2011-Ohio-3500.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

THE STATE OF OHIO,
    Appellee,                :     C.A. CASE NO. 24060

v.                         :     T.C. CASE NO. 2009-CR-1010

                            :     (Criminal Appeal from
AYERS,                        Common Pleas Court)
    Appellant.        :

. . . . . . . . .

O P I N I O N

Rendered on the 15th day of July, 2011.

. . . . . . . . .

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Timothy J. Cole, Assistant Prosecuting Attorney, for appellee.

Michael T. Columbus, for appellant.

. . . . . . . . .

GRADY, Presiding Judge.

{¶ 1} Defendant, Nesbitt Ayers, appeals from his conviction and sentence for trafficking in marijuana.

{¶ 2} On March 26, 2009, at around 9:30 p.m., Dayton police officer Keith Coberly was patrolling the high-drug-activity area in downtown Dayton near Fourth and Main Streets, when he noticed defendant standing on the corner of the next intersection at Fourth and Jefferson Streets. Officer Coberly is a 20-year veteran of

the Dayton police department who has worked in drug interdiction for nine years.  Officer Coberly recognized defendant and knew him as a downtown drug dealer.  Officer Coberly watched as defendant walked to the RTA bus shelter on the corner of Fourth and Main Streets.  Officer Coberly knew that defendant had previously been "trespassed off" all RTA property.

{¶ 3} Defendant approached a man, later identified as David Dewberry, who was sitting on a bench inside the RTA bus shelter.  The area was well lit, and Officer Coberly could observe both men's movements.  Officer Coberly watched as defendant reached forward with his right hand and handed something to Dewberry, who took the item with his left hand, placed it onto a small white piece of paper he had on his knee, folded it up, and placed it in his right front pants pocket.  Officer Coberly could not see what the item was, but based upon his experience, he believed that he had just witnessed a hand-to-hand drug transaction.

{¶ 4} After the exchange, defendant walked away south on Main Street, and Dewberry walked north on Main Street.  Officer Coberly radioed Officer August and told him to arrest defendant for trespassing on RTA property.  Officer Coberly also radioed Officer Hurley and told him that Dewberry was walking in his direction and to stop him because Dewberry had drugs in his right front pants pocket.  Defendant was arrested for trespassing and searched, but

no drugs were found. Officer Hurley stopped and searched Dewberry, finding 1.2 grams of marijuana wrapped in a white piece of paper in Dewberry's right front pants pocket. Dewberry gave police a written statement admitting that he had gotten the marijuana from defendant.

{¶ 5} Defendant was indicted on one count of trafficking in marijuana, R.C. 2925.03(A)(1), a felony of the fifth degree. Defendant waived his right to a jury trial and was tried to the court on March 15, 2010. At trial, Dewberry denied purchasing or getting any marijuana from defendant. Dewberry claimed that he gave police a false statement, saying he got that marijuana from defendant so he did not have to go to jail. The trial court found defendant guilty of trafficking in marijuana and sentenced him to five years of community-control sanctions. Defendant timely appealed to this court from his conviction and sentence.

FIRST ASSIGNMENT OF ERROR

{¶ 6} "The verdict was not supported by sufficient evidence."

{¶ 7} Defendant argues that his conviction for trafficking in marijuana is not supported by legally sufficient evidence and is against the manifest weight of the evidence.

{¶ 8} Defendant was found guilty of trafficking in marijuana in violation of R.C. 2925.03(A)(1), which provides: "No person shall knowingly do any of the following: Sell or offer to sell

a controlled substance." "Sale" includes delivery, barter, exchange, transfer, gift, or offer thereof. R.C. 2925.01(A), 3719.01(AA).

{¶ 9} A sufficiency-of-the-evidence argument challenges whether the state has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. *State v. Thompkins* (1997), 78 Ohio St.3d 380. The proper test to apply to the inquiry is the one set forth in paragraph two of the syllabus of *State v. Jenks* (1991), 61 Ohio St.3d 259:

{¶ 10} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶ 11} Evidence presented to prove the elements of a crime may be direct or circumstantial, and both have the same probative value. *Jenks*.

{¶ 12} Defendant argues that his conviction for trafficking

in marijuana is not supported by legally sufficient evidence because there is no evidence that he sold or offered to sell marijuana to Dewberry. At most, the evidence shows that defendant may have given marijuana to Dewberry as a gift. The state responds that, at the very least, the evidence shows that much.

{¶ 13} Although Dewberry testified at trial that he did not purchase or receive any marijuana from defendant, the evidence presented at trial, when construed in a light most favorable to the state, especially Officer Coberly's testimony, demonstrates otherwise. Officer Coberly observed defendant, a person he knew to be a drug dealer, in a high-drug-activity area, hand an item to Dewberry, which Dewberry wrapped in a white piece of paper and placed in his right front pants pocket. Officer Coberly, although he could not see what the item was due to its small size, and did not see any money change hands, reasonably believed, based upon his experience, that drugs had been transferred from defendant to Dewberry in a hand-to-hand drug transaction. When Dewberry was stopped by Officer Hurley and his right front pants pocket was searched, 1.2 grams of marijuana wrapped inside a white piece of paper were discovered.

{¶ 14} Any delivery, exchange, transfer, or gift of a controlled substance constitutes a "sale" for purposes of R.C. 2925.03(A)(1). See R.C. 2925.01(A) and 3719.01(AA). The

credibility of the witnesses and the weight to be given their testimony are matters for the triers of fact, the trial court here, to decide. *State v. DeHass* (1967), 10 Ohio St.2d 230.

{¶ 15} This exchange between defendant and Dewberry took place in a high-drug-activity area, and the behavior of defendant and Dewberry was consistent with drug activity. *State v. Ousley*, Montgomery App. Nos. 23496, 23506, 2010-Ohio-3116. Based upon the evidence presented and the reasonable inferences that may be drawn from that evidence, a rational trier of facts could find the essential elements of trafficking in marijuana in violation of R.C. 2925.03(A)(1) proven beyond a reasonable doubt.

{¶ 16} In setting forth the penalties for trafficking in marijuana, R.C. 2925.03(C)(3)(a) provides that generally, the offense is a felony of the fifth degree. However, R.C. 2925.03(C)(3)(g) provides:

{¶ 17} "Except as otherwise provided in this division, if the offense involves a gift of twenty grams or less of marihuana, trafficking in marihuana is a minor misdemeanor upon a first offense and a misdemeanor of the third degree upon a subsequent offense. If the offense involves a gift of twenty grams or less of marihuana and if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in marihuana is a misdemeanor of the third degree."

{¶ 18} The evidence was sufficient to prove that the transfer of drugs by defendant to Dewberry was either a gift or a sale. In that circumstance, it was necessary also to determine whether defendant's transfer of marijuana to Dewberry was a gift or a sale. *State v. Monroe* (July 26, 1995), Montgomery App. No. 14842. Because the trial court as the trier of fact made no factual determination whether the transaction between defendant and Dewberry constituted a sale or a gift, the judgment of the trial court must be reversed and this cause remanded to the trial court for a factual determination whether the transaction constituted a sale or a gift, and for the imposition of a sentence appropriate to that finding. *Monroe*.

{¶ 19} Defendant's first assignment of error is sustained in part and overruled in part.

SECOND ASSIGNMENT OF ERROR

"Even if sufficient evidence was presented, the verdict was against the manifest weight of the evidence."

{¶ 20} A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive. *State v. Hufnagle* (Sept. 6, 1996), Montgomery App. No. 15563, 1996 WL 501470. The proper test to apply to that inquiry is the one set forth in *State v. Martin* (1983), 20 Ohio App.3d

172, 175:

{¶ 21} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord *Thompkins*, 78 Ohio St.3d 380.

{¶ 22} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of fact to resolve. *State v. DeHass* (1967), 10 Ohio St.2d 230. In *State v. Lawson* (Aug. 22, 1997), Montgomery App. No. 16288, we observed:

{¶ 23} "Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness."

{¶ 24} This court will not substitute its judgment for that of the trier of fact on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in

arriving at its verdict. *State v. Bradley* (Oct. 24, 1997), Champaign App. No. 97-CA-03.

{¶ 25} Defendant argues that his conviction for trafficking in marijuana is against the manifest weight of the evidence because the evidence fails to demonstrate that defendant sold or even gave marijuana to Dewberry.  As we discussed in resolving defendant's first assignment of error, "sale" includes a gift for purposes of a violation of R.C. 2925.03(A)(1), and the evidence presented here and the reasonable inferences that may be drawn therefrom are legally sufficient to prove that defendant at least gave marijuana to Dewberry.  Dewberry's testimony at trial that defendant did not sell or give him marijuana is contradicted by his written statement that he gave police saying he got the marijuana from defendant.  The evidence clearly does not support defendant's theory that what Officer Coberly witnessed was simply defendant and Dewberry "bumping fists."

{¶ 26} The trial court did not lose its way in this case simply because it chose to believe the state's witnesses rather than defendant's, which it had a right to do.  The credibility of the witnesses and the weight to be given to their testimony were matters for the trier of fact to decide.  *DeHass*, 10 Ohio St.2d 230.

{¶ 27} Reviewing this record as a whole, we cannot say that the evidence weighs heavily against a conviction, that the trier

of fact lost its way in choosing to believe the State's witnesses, or that a manifest miscarriage of justice has occurred. Defendant's conviction is not against the manifest weight of the evidence.

{¶ 28} Defendant's second assignment of error is overruled.

{¶ 29} Having sustained defendant's first assignment of error in part, we reverse the judgment of the trial court and remand this cause for a factual determination whether the transaction charged in the indictment constituted a sale or a gift, and for the imposition of a sentence appropriate to that finding.

Judgment affirmed in part
and reversed in part,
and cause remanded

DONOVAN and FROELICH, JJ., concur.