[Cite as *State v. Smith*, 197 App.3d 742, 2012-Ohio-532.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HENRY COUNTY

THE STATE OF OHIO,

    APPELLEE,
                                          CASE NOS.  7-11-06
                                            and 7-11-08

    v.

SMITH,
                                          O P I N I O N

    APPELLANT.

Appeals from Henry County Common Pleas Court
Trial Court Nos. CRB 10-848 and CRB 11-849

Judgments Affirmed

Date of Decision:  February 13, 2012

APPEARANCES:

    David Grahn, for appellee.

    George C. Rogers, for appellant.

**WILLAMOWSKI,** Judge.

{¶ 1} Plaintiff-appellant, Lynett S. Smith, appeals the judgments of the Napoleon Municipal Court finding her guilty of twice failing to file state sales-tax returns for Chiaverini, Inc. pursuant to R.C. 5739.30(A).  On appeal, Smith

contends that the trial court erred in denying the motion to dismiss the complaints because the statutes do not criminalize the late filing of tax returns and because there was insufficient evidence that Smith was the person responsible for filing the returns. Smith also contends that the trial court erred in admitting unauthenticated evidence at trial. For the reasons set forth below, the judgment is affirmed.

{¶ 2} Smith was an officer and employee of Chiaverini, Inc., d.b.a. Diamond & Gold Outlet. On December 14, 2010, the state of Ohio issued two summonses on two complaints for failure to file sales-tax returns in violation of R.C. 5739.30(A). The first complaint asserted that she "failed to file the required sales tax return, form UST-1, for the period of January 2009 through June 2009 due on July 23, 2009." The second complaint asserted that she "failed to file the required sales tax return, form UST-1, for the period of July 2009 through December 2009 due on January 23, 2010."

{¶ 3} On December 16, 2010, the two cases were filed in the Napoleon Municipal Court in case Nos. CRB 10-848 and CRB 10-849. Smith was arraigned on both charges and entered pleas of not guilty.

{¶ 4} On June 13, 2011, a bench trial was held, and the cases were consolidated for the purposes of trial. The issues in both cases are the same. On appeal, these cases bear appellate case Nos. 7-11-06 and 7-11-08.

Case Nos. 7-11-06 and 7-11-08

{¶ 5} Prior to any testimony, Smith's attorney moved to dismiss the cases claiming that even accepting everything written in the complaints as true, Smith's actions did not constitute a criminal offense. Smith's attorney argued that the applicable division of the Revised Code should have been R.C. 5739.30(B), which he asserted is subject to "civil liabilities," rather than R.C. 5739.30(A), which is subject to criminal penalties. The trial court overruled Smith's motion to dismiss, and the case proceeded to trial.

{¶ 6} The state's sole witness was agent Kathy Zumfelde, an enforcement agent for the Ohio Department of Taxation who had investigated the case. Agent Zumfelde testified that delinquent sales-tax accounts are turned over to the enforcement division after the taxpayer compliance division has contacted the taxpayers and not obtained any results. Zumfelde testified that she researched the Department of Taxation's records and found that no sales-tax returns had been filed by the company for either the first or the second half of 2009.[1] Zumfelde identified State's Exhibit 1, the company's 2006 application for a vendor's license to make taxable sales, which Zumfelde had obtained from the Henry County auditor's office. The document was signed by "Lynett S. Smith" and listed Smith

---

[1] The arrest reports in the record indicated that the company "failed to file twenty-five (25) monthly sales tax returns for the periods of Dec. 2005 through Dec. 2007, and four (4) semi-annual sales tax returns for the first and second half-periods of 2008 and 2009." The complaints only covered the last two semiannual sales tax returns that were due.

as the secretary/treasurer. The record was admitted over Smith's attorney's objection. A copy of the vendor's license that was issued to the company was admitted as Exhibit 2, over the objections of Smith's attorney.

{¶ 7} On December 14, 2010, agent Zumfelde subsequently contacted Smith (who was listed as the agent for the company on the Ohio secretary of state's website).[2] Zumfelde testified that Smith admitted to her that "she knew she was behind and was trying to get things caught back up, and didn't really have an excuse why they were behind and admitted that she was the person that was responsible to file the sales tax returns." Zumfelde acknowledged that Smith had eventually paid the taxes in question prior to the trial.

{¶ 8} After the state rested and closing arguments were heard, the trial court found Smith guilty of both offenses. R.C. 5739.99(B) sets forth the penalties as follows: "Whoever violates division (A) of section 5739.30 of the Revised Code shall be fined not less than one hundred nor more than one thousand dollars, or imprisoned not more than sixty days, or both." The trial court fined Smith $250 for each offense and assessed court costs. It is from these judgments that Smith now appeals, raising the following three assignments of error.

---

[2] Agent Zumfelde testified that she obtained information about the company from the Ohio secretary of state's website containing corporate records. "Lynett S. Smith" had signed as president and statutory agent on a printout of the document Zumfelde had obtained from the website, which the state attempted to admit as Exhibit 3. The trial court sustained Smith's attorney's objection to admitting the printouts, finding that the documents did not have any certification or seal and were probably not even necessary, since the better evidence was agent Zumfelde's testimony that Smith had admitted that she was the president.

First Assignment of Error

The trial court erred in overruling [Smith's] motion to dismiss the complaint made on the grounds that R.C. 5739.30(A) as a matter of statutory construction, does not criminalize late (not filed "when due") filing of returns, when returns required by the Chapter were subsequently filed.

Second Assignment of Error

The trial court erred in admitting exhibits that were not authenticated as required by Rules of Evidence 901(B)(7), 902(1), (2), and (4), Crim. R. 27 and R.C. 23.17.42.

Third Assignment of Error

The trial court erred in overruling [Smith's] motion to dismiss the complaint when there was lack of proof that [Smith] was an employee of the corporation responsible for filing returns on the dates specified in the complaint, July 23, 2009 and January 23, 2010, as when "due."

{¶ 9} In her first assignment of error, Smith argues that she did not "fail to file" the tax returns, she only failed to file them "when due." Therefore, she argues that she should not be subject to the criminal penalties under division (A) of the statute. Smith claims that the language in that division does not provide a penalty for failure to when pay "when due," but maintains that it only provides a penalty for complete failure to file. She contends that the company should have received only the administrative penalties set forth in division (B) of the statute because that is the only section that specifically contains the words "when due." Smith further argues that ambiguous criminal statutes must be construed against

the state in order to give constitutional due process notice to the public as to what conduct is prohibited.

{¶ 10} R.C. 5739.30, states:

> (A) No person, including any officer, employee, or trustee of a corporation or business trust, *shall fail to file any return or report required to be filed by this chapter*, or file or cause to be filed any incomplete, false or fraudulent return, report, or statement* * *.

> (B) If any vendor required to file monthly returns under section 5739.12 of the Revised Code *fails, on two consecutive months or on three or more months* within a twelve-month period, to file such returns when due or to pay the tax thereon, or if any vendor authorized by the tax commissioner to file semiannual returns *fails on two or more occasions within a twenty-four month period*, to file such returns when due or to pay the tax due thereon, the commissioner *may* do any of the following:

> (1) Require the vendor to furnish security in an amount equal to the average tax liability of the vendor for a period of one year * * *.

> (2) Suspend the license issued to the vendor pursuant to section 5739.17 of the Revised Code.

(Emphasis added.)  R.C. 5739.30.

{¶ 11} While the statute may not be a model of absolute clarity, we do not find that it is ambiguous or that its language is subject to Smith's suggested interpretation.  R.C. 5739.30(A) provides that a person is in violation of the statute if a person fails "to file any return or report required to be filed by this chapter."

Contrary to Smith's suggested interpretation, division (B) of R.C. 5739.30 does not provide an alternative remedy for failure to pay—it merely provides *additional* actions that the tax commissioner may take if a vendor fails to file returns when due for *two or more* filing periods within the specified timeframes. In reality, Smith could have been subject to both provisions had the Department of Taxation decided to pursue the additional sanctions against the company that are set forth in R.C. 5739.30(B), since Smith had failed to file two or more returns.

{¶ 12} The evidence set forth at trial was sufficient to show that Smith failed to file the sales-tax returns that were "required to be filed by this chapter" at the time she was charged. That language in the statute clearly refers to other sections of the chapter that specify the requirements that she was to follow in filing the returns, including the dates that the tax returns were due. R.C. 5739.12 (stating that returns shall be filed "on or before the twenty-third day" of the month following the reporting period). The language in R.C. 5739.30(A) stating that a person shall not "fail to file any return or report required to be filed by this chapter" includes the requirement to file by the due date and other reporting requirements specified throughout the rest of the chapter. Division (A) does not need to contain the specific words "when due"; it still conveys the same meaning by its incorporation of the due date by reference. Other sections of the chapter also refer to the chapter's requirements to pay "when due" or by the due date, even

though they use different words that convey the same meaning. *E.g.*, R.C. 5739.12(D) (stating "in the manner prescribed").

{¶ 13} A careful reading of R.C. 5739.30(A) explains that the statute applies both to tax returns that are filed late as well as to tax returns that are never filed at all. The first assignment of error is overruled.

{¶ 14} In the second assignment of error, Smith claims that the trial court erred in admitting the copies of the application for a vendor's license (Exhibit 1) and the vendor's license (Exhibit 2) that agent Zumfelde obtained from the Henry County auditor's office. Smith argues that the documents were not certified and there was no testimony by any custodian as to the records' maintenance, accuracy, and authenticity as public records. Smith asserts that the records failed to meet the requirements for authentication set forth in Evid.R. 901(B)(7) and 902(1), (2), or (4) or Crim.R. 27 and R.C. 2317.42.

{¶ 15} It is well established that the decision to admit or exclude evidence is within the sound discretion of the trial court and that an appellate court will not disturb that decision absent an abuse of discretion. *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343 (1987), paragraph two of the syllabus; *State v. Swann*, 119 Ohio St.3d 552, 2008-Ohio-4837, 895 N.E.2d 821, ¶ 33. The trial court is vested with this discretion because it is in a much better position than we are to evaluate the authenticity of evidence and assess the credibility and veracity of witnesses.

*State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, ¶ 129. "Abuse of discretion" implies that the trial court's decision was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 16} The Ohio Rules of Evidence provide several alternative means by which documents and public records may be authenticated. Evid.R. 901 and 902. The requirement of authentication is satisfied "by evidence sufficient to support a finding that the [evidence] in question is what its proponent claims." Evid.R. 901(A); *In re Estate of Kemp*, 189 Ohio App.3d 232, 2010-Ohio-4073, 937 N.E.2d 1102 ¶ 6 (3d Dist.). Evid.R. 901(B) provides ten "examples of authentication or identification conforming with the requirements" of the rule. However, the rule makes it clear that the examples are for "illustration only" and that they are "not by way of limitation." *Id.* Two of the examples set forth in the rule are the following:

> (1) Testimony of witness with knowledge. Testimony that a matter is what it is claimed to be.
>
> * * *
>
> (7) Public records or reports. Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement or data compilation, in any form, is from the public office where items of this nature are kept**.**

*Id.* Furthermore, the threshold standard for authenticating evidence does not require conclusive proof of authenticity but only sufficient foundational evidence to allow the trier of fact to conclude that the evidence is what the proponent claims it to be. *State ex rel. Montgomery v. Villa*, 101 Ohio App.3d 478, 484-485, 655 N.E.2d 1342 (10th Dist.1995).

{¶ 17} In this case, agent Zumfelde testified that she was an officer of the Ohio Department of Taxation, that the records for the issuance of the state's vendor's licenses are held at the county auditors' offices; that she obtained the records from the Henry County auditor's office, and that Jeannie Herdeman, the Henry County auditor, furnished the records. Furthermore, both of the exhibits were stamped with the raised seal of the Henry County auditor's office.

{¶ 18} Although having the documents certified, or providing one of the other methods of authentication suggested by Smith, may have been a more thorough option, that does not mean that those particular methods were the only acceptable methods of authentication. As stated above, the Rules of Evidence provide several alternative methods to identify or authenticate documents. Agent Zumfelde provided testimony identifying the documents pursuant to Evid.R. 901(B)(1), and the presence of the seal corroborates Zumfelde's testimony pursuant to Evid.R. 901(B)(7). There was sufficient identification of the documents to overcome the threshold needed to authenticate the documents

pursuant Evid.R. 901. The trial court did not abuse its discretion in admitting these exhibits, and the second assignment of error is overruled.

{¶ 19} Smith's final assignment of error asserts that there was a lack of proof that Smith was the person who was responsible for filing the two returns that were specified in the complaint at the time they were due. Smith maintains that even if the exhibits established that she was an officer of the company in 2006 (when they were filed), and her statements to agent Zumfelde acknowledged that she was the person responsible for filing the documents in December 2010, that did not prove that she was the person responsible for filing the returns on July 23, 2009, and January 23, 2010. Essentially, Smith is challenging the sufficiency of the evidence.

{¶ 20} When reviewing the sufficiency of the evidence, we focus primarily upon the adequacy of the evidence, that is, whether the evidence submitted at trial, if believed, could reasonably support a finding of guilt beyond a reasonable doubt. See *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541, (1997) (stating that "sufficiency is the test of adequacy"); *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991). The standard of review is whether, after viewing the evidence and the reasonable inferences that may be drawn from that evidence in a light most favorable to the prosecution, any rational trier of fact could have found

all the essential elements of the offense beyond a reasonable doubt. *Id.*; *State v. Ayers*, 194 Ohio App.3d 812, 2011-Ohio-3500, 958 N.E.2d 222, ¶ 15 (2nd Dist.).

**{¶ 21}** Under the Ohio Revised Code, officers or directors of a corporation can be held personally liable for the corporation's failure to file returns. R.C. 5739.33. The Ohio Supreme Court has clarified this provision, explaining that liability "is limited to those officers who have control or supervision of or are charged with the responsibility of filing returns and making payments." *Weiss v. Porterfield*, 27 Ohio St.2d 117, 121, 271 N.E.2d 792 (1971). *See also Kihm v. Lindley*, 70 Ohio St.2d 76, 78; 434 N.E.2d 1354 (1982) (for an officer of a corporation to be personally liable for unfiled tax returns, there must be evidence that the person had the duty of filing the returns for the company).

**{¶ 22}** The trial court summarized the evidence that it used to support its finding that Smith was the person responsible for filing the sales-tax returns as follows.

> Now, one of the arguments here is that, how do we know that Ms. Smith was a trustee, an officer of the corporation at the time of these alleged instances.
>
> Well, we know that in 2006 she was a trustee and an officer because she put that on the application. It lists her name as an officer of the corporation.
>
> By her admission as late as December of 2010 she was an officer of the corporation and I think the Court can certainly find that during the periods that are involved in this inquiry, **specifically the**

period in July of 2009 through January 2010, the Court will find that there is sufficient evidence to find that [Smith] was in fact an officer of this corporation.

{¶ 23} In addition to this evidence, the admissions that Smith made to agent Zumfelde provide further evidence that she was the officer responsible for filing the sales-tax returns. Smith told Zumfelde that she was "the person responsible for filing the tax returns" and that "she knew *she* was behind." (Emphasis added.) If any other person had been responsible for filing the returns on July 23, 2009, and January 23, 2010, Smith would have likely said that she knew that "*they* were behind" or she would have told the agent that someone else was responsible for filing. Instead, Smith claimed responsibility because "she" was behind during the period of time about which Zumfelde was inquiring.

{¶ 24} Smith's admissions, along with the documents supplied by the state that confirm Smith's position as an officer and trustee as early as 2006, was sufficient evidence to allow the trial court to reasonably conclude that Smith was responsible for filing the tax returns during the period of July 2009 to January 2010. Smith's third assignment of error is overruled.

{¶ 25} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

Judgments affirmed.

**SHAW,** P.J., and **ROGERS,** J., concur.