**Robert Todd SHOWN, Appellant**

v.

**Teresa Gail SHOWN (Now Cardwell), Appellee**

**NO. 2013–CA–001523–MR**

Court of Appeals of Kentucky.

RENDERED: DECEMBER 18, 2015; 10:00 A.M.

BRIEFS FOR APPELLANT: Robert Todd Shown, Pro se, Kentucky, Owensboro.

BRIEF FOR APPELLEE: Candy Yarbray, Englebert, Owensboro, Kentucky.

BEFORE: COMBS, D. LAMBERT,[1] AND VANMETER, JUDGES.

*OPINION*

D. LAMBERT, JUDGE:

Appellant, Robert Shown (hereinafter Robert) appeals the Ohio Circuit Court's order regarding the division of the parties' retirement accounts. In this case, we hold that the Ohio Circuit Court failed to take additional proof which was necessary to enter sufficient findings of fact to divide the marital portions of the parties' respective teachers' retirement and Simplified Employee Pension—Individual Retirement Account (SEP–IRA). We therefore vacate and remand.

---

1.  Judge Debra Lambert, being sworn on January 5, 2015, as Judge of Third Appellate District, Division 1, has been substituted as judge in this matter.

## I. Factual and Procedural Background.

The parties in this case are Robert Todd Shown and Teresa Gail Shown (now Cardwell). The issues in this appeal concern solely the appropriate division of Robert's Kentucky teachers' retirement account and Teresa's SEP–IRA. In the first appeal of this matter to the Kentucky Supreme Court, *Shown v. Shown*, 233 S.W.3d 718 (Ky. 2007), Teresa argued that the trial court had erroneously excluded Robert's teachers' retirement account from classification and division as marital property and had failed to give effect to the provision of KRS[2] 403.190(4). The Supreme Court agreed, reversed and vacated the trial court's judgment and the Court of Appeals' opinion, and remanded to the trial court, specifically directing the trial court to "exercise the discretion vested in it under KRS 403.190(1)." 233 S.W.3d at 723.

Following remand, and after discovery of the amounts available for division in Robert's teachers' retirement account and Teresa's SEP–IRA, Teresa filed a motion for entry of one Qualified Domestic Relations Order (QDRO), on the basis of offsetting the value of Teresa's SEP–IRA from the marital value of Robert's teachers' retirement. As set out in her motion, Teresa's calculation was that the marital portion of Robert's teachers' retirement subject to division was $86,443.26. Teresa's SEP–IRA, all of which was marital, was $1,899.89. As an alternative motion, Teresa requested the trial court order the marital portion of each party's retirement account be divided by a separate QDRO to be prepared by Teresa's counsel. In response, Robert filed: 1) a motion to dismiss Teresa's request on the basis that Teresa's SEP–IRA was a gift from her employer, as opposed to an account to

which Teresa had contributed from her own income; and 2) a motion to dismiss or adjust the relative amounts the parties would receive under the QDRO to be based on the parties' Social Security entitlement since Robert, as a public school teacher, does not participate in Social Security. In addition, Robert added a whole litany of factors which arose during the marriage: the entry of a QDRO for Robert's military retirement despite Teresa's lack of moral support for his service; Robert's putting Teresa through college; Robert's paying for childcare, cars, rent, utilities, groceries, and medical insurance; Robert's working extra jobs to provide extra income; Robert's paying off the mortgage on the parties' house as quickly as possible; Robert's paying $80,000 of college tuition and expenses for the parties' two children; and the maintenance of $7,128 paid by Robert to Teresa as ordered in the original decree.

Without taking any proof on the issues presented, the trial court denied Robert's motions and entered an order adopting Teresa's alternative motion:

[Teresa's] Motion requested entry of a Qualified Domestic Relations Order, which Qualified Domestic Relation Order was submitted for entry in open Court. However, an alternative request of [Teresa] in her Motion the Court feels appropriate. Therefore, counsel for [Teresa] shall prepare a Qualified Domestic Relations Order for division of [Robert's] Kentucky Teachers' Retirement System Account to insure that [Teresa] receives one-half (½) of the marital accrual. In addition, [Teresa's] counsel shall also prepare a Qualified Domestic Relations Order, or other document as requested by the Plan Admin-

**2.** Kentucky Revised Statutes.

istrator, for division of [Teresa's] Fidelity Investments SEP–IRA.

Robert appeals, arguing, as before the trial court, that 1) the SEP–IRA was a gift from Teresa's employer and therefore not marital property[3] and 2) the trial court failed to consider the economic factors as set forth by Robert thereby resulting in an inequitable division of the retirement plans.

## II. Analysis.

With respect to Robert's appeal, Teresa argues that res judicata applies and forecloses further review. Robert's appeal, however, properly viewed, raises two issues: A) whether Teresa's SEP–IRA is marital or nonmarital, thereby bringing into question the applicability of KRS 403.190(4); and B) whether the trial court equitably divided Robert's teachers' retirement. We discuss these issues in turn.

### A. Classification of Teresa's SEP–IRA as Marital or Nonmarital; Applicability of KRS 403.190(4).

Until the Kentucky Supreme Court ruling in the first appeal of the parties' divorce, Kentucky Teachers' Retirement accounts were not divisible. *Shown v. Shown*, 233 S.W.3d 718. This was because courts and the legislature recognized that teachers' retirement benefits, in part, substituted for Social Security. *Waggoner v. Waggoner*, 846 S.W.2d 704 (Ky. 1992). See also KRS 160.700. However, the legislature amended KRS 403.190(4) to read:

If the retirement benefits of one spouse are excepted from classification as marital property, or not considered as an economic circumstance during the division of marital property, then the retirement benefits of the other spouse shall also be excepted, or not considered, as the case may be. **However, the level of exception provided to the spouse with the greater retirement benefit shall not exceed the level of exception provided to the other spouse.**

(Emphasis added). The Kentucky Supreme Court emphasized this amendment to the statute in Shown and found that it was to apply to both teacher and non-teacher spouses. *Shown* at 720.

### B. Equitable Division of the Accounts.

Robert argues that his agreement with Teresa as to other property matters was based on the fact that he believed that he would be safely awarded his Kentucky Teachers' Retirement System (KTRS) account in its entirety. Robert also argues that given that public school teachers do not participate in the Social Security system, it is inequitable to divide his account without giving consideration to the unique characteristics of the account.[4] Federal statute prohibits the division of or assignment of a person's Social Security benefits in 42 U.S.C.A. Section 407, but to divide Robert's teachers' retirement without regard to its substitution for Social Security effectively divides his "social security" benefits anyway, leaving Teresa's Social Security benefits untouched, and unconsidered.[5]

---

**3.** Robert's argument concludes that since Teresa's SEP–IRA is a gift and excluded from division as marital property, a proper interpretation of KRS 403.190(2) and (4) and KRS 161.700(3) results in exclusion of Robert's teachers' retirement as well.

**4.** Robert admits that prior to the Kentucky Supreme Court ruling in the case at hand, the issue of Social Security benefits was not

argued as teachers' retirement had not previously been divisible. However, Robert presented the issue to the trial court upon remand in the form of a motion. No further testimony was taken by the parties.

**5.** As a matter of public policy, but adding to the inequity for Robert and other teachers, as participants in KTRS, they can never draw on their spouse's or former spouse's Social Secu-

During the marriage, Teresa worked at a dental office and earned a small retirement account and contributed to her Social Security account. Robert was a public school teacher before and during the marriage. He did not contribute to Social Security. Robert, via motion, attempted to assert the newly evident inequities in dividing his substitute Social Security, leaving Teresa's actual Social Security contributions untouched or accounted for. Significantly, the trial court failed to take any proof regarding newly created and complex financial computations needed to make an equitable distribution of the parties' entire financial circumstances. As this case is the first to hold that teachers' retirement benefits are divisible when the non-teacher spouse has an ERISA[6] qualified plan, the court must conduct a new evidentiary hearing in order to comply with the Kentucky Supreme Court ruling in Shown, to "exercise the discretion vested in it under KRS 403.190(1)." *Shown* at 723,. As complex financial calculations are necessary to consider the effect of Social Security contributions and/or offsets in equity, the court should require expert testimony on point. Otherwise, for the courts to divide teacher retirement accounts in this manner puts every teacher spouse at grave risk as compared to those persons working in the private sector with federally protected Social Security accounts. On remand, the trial court must compute the present value of a Social Security benefit that Robert would have received had he contributed to Social Security. That value should be deducted from the present value of Robert's teachers' retirement pension, prior to division of the parties' pension plans. *See Thompson v. Thompson*, 197 Ohio App.3d 610, 2011-Ohio-6689, 968 N.E.2d 525 (11th Dist.)

rity account, even if married ten or more years. *See* 42 U.S.CA. Section 416(d)(1).

In order for the trial court to properly exercise its discretion under KRS 403.190, it must take additional expert testimony as to the value of Robert's Social Security offset.

### III. Conclusion.

Because the trial court failed to enter sufficient findings delineating its consideration of the factors required by KRS 403.190(1), and took no proof as to what portion of Robert's account was akin to protected Social Security benefits, we reverse and remand this matter to the trial court. The court shall consider expert testimony, if the parties are unable to otherwise agree, then enter appropriate findings which divide the marital portion of the parties' respective accounts in just proportions.

COMBS, JUDGE, CONCURS.

VANMETER, JUDGE, CONCURS IN RESULT ONLY.

6. Employee Retirement Income Security Act of 1974, 29 U.S.C. ch. 18