OPINION
{¶ 1} The Plaintiff-Appellant, Pamela Napier, is appealing a decision by the Montgomery County Probate Court overruling her exceptions to the inventory and finding that monies given to Napier by the decedent were a loan and not a gift.
 {¶ 2} Desso Richard Janka died testate on July 17, 2002. John Watkins was appointed executor of the estate and Janka's Last Will and Testament was admitted to Probate on July 19, 2002. Janka's will bequeathed equal shares of the estate to his wife's nephew, Ronald Poff, his wife's niece, Pamela Napier, and his friend, John Watkins. Watkins filed his inventory on October 4, 2002, listing as an asset, "3. Pamela Napier loan 11/15/2001 $73,892.00." Napier filed exceptions to the inventory on November 1, 2002, asserting that the monies were a gift and not a loan.
 {¶ 3} Following a hearing on January 29, 2002, the magistrate found that on November 15, 2001, Janka had withdrawn $73,892.00 from his savings account and had issued a check to Napier for that amount. Napier received and endorsed the check, and promptly paid the balance of her mortgage with the monies.
 {¶ 4} Janka wrote in his savings book that the matter was an "INVESTMENT." Watkins testified that Janka had previously discussed with him the possibility of making a loan to Napier to pay off her mortgage balance. Janka was aware that Napier had been experiencing financial difficulties with making her house payments due to an ongoing lawsuit over the property.
 {¶ 5} Watkins testified that the day before Janka's death, facing surgery with little prospect of recovery, Janka had instructed Watkins to collect the loan from Napier and deliver to him the customer's copy of the check, the savings book, and a note which Janka had prepared inserting that the money was to be repaid upon "COURT SETTLEMENT." Janka stated to Watkins that he had intended Napier to sign the note as soon as possible. Additionally, Watkins's wife testified that at the funeral home, Ronald Poff and his wife Darla had stated that they had no knowledge of this transaction.
 {¶ 6} Napier and Darla Poff also testified at the hearing. They both stated that the money had been a gift and not a loan. Napier explained that Janka had visited her in West Virginia on several occasions after giving her the money, and that Janka had not mentioned to her that he wanted her to repay him. Napier stated that she had never been asked to sign a promissory note.
 {¶ 7} Additionally, Darla Poff testified that she had heard Janka say that he "didn't want her to pay it back." She recalled Janka stating "I want you to have this. Pauline wanted you to have it also." She also testified that Janka had used the word "gift" when he gave the money to Napier.
 {¶ 8} Ronald Poff failed to appear at the hearing, but an affidavit was prepared in which Poff stated that Janka had indicated to him during a conversation that the transfer of funds to Napier was a gift and not a loan. The magistrate failed to admit Ronald Poff's affidavit into evidence because Ronald Poff had been under subpoena to testify, however he did not appear for trial and no attempt was made to obtain deposition testimony.
 {¶ 9} Magistrate Brooks filed his decision on March 25, 2004, overruling Napier's exceptions to the inventory. He found that Napier had failed to prove that the transaction was a gift by clear and convincing evidence. Furthermore, the magistrate based this decision upon the lack of evidence that Janka had changed his attitude toward the other residuary legatees to indicate that he had wished to give less to them.
 {¶ 10} Napier filed a request for findings of fact and conclusions of law on April 2, 2004. The trial court adopted the magistrate's decision by entry filed on April 9, 2004. The magistrate filed findings of fact and conclusions of law on June 27, 2004, to which Napier objected. The trial court filed a decision modifying the magistrate's findings of fact and conclusions of law. The trial court found that Napier had not moved to declare Ronald Poff unavailable, thus his affidavit was correctly excluded from evidence. For these reasons, the trial court denied Napier's request for a presentation of testimony from Ronald Poff.
 {¶ 11} The trial court also denied Napier's request for an opportunity to procure a handwriting analysis of the unexecuted promissory note allegedly written by Janka, as discovery had not been exchanged or requested by the parties. Finally, the trial court found that the will was executed in January of 2001, and the transfer of funds to Napier occurred several months later, thus evidence that Janka did not intend for Napier to "receive double." Based upon this, the trial court held that the transfer of funds to Napier was an ademption by satisfaction, and that the transfer should be credited against Napier's share of Janka's estate.
 {¶ 12} Napier now appeals that ruling, asserting four assignments of error for our review.
 Napier's first assignment of error {¶ 13} "The trial court erred to the prejudice of Appellant by placing the burden of proof upon the Appellant regarding the monies she received from Janka[.]"
 {¶ 14} Napier asserts that the trial court committed reversible error in finding that it was Napier's burden of proof to demonstrate that the monies she had received from Janka were a gift and not a loan.
 {¶ 15} We disagree. The cases relied upon by Napier do not involve a situation where an executor had filed an inventory and another party filed an exception to that inventory. Because Napier, by filing an exception to the executor's inventory of the estate's assets, motioned the court and claimed the monies paid to her by Janka were not an asset of his estate, it follows that Napier had the burden of proof to produce a prima facie case that such transfer of monies was not a loan, but instead a gift. See,In re Estate of Sowers (June 20, 1990), Shelby App. No. 17-89-2. Accordingly, we find that in this case, Napier had the burden of proving the claimed exception to the inventory.
 {¶ 16} Napier's first assignment of error is overruled.
 Napier's second assignment of error {¶ 17} "The trial court erred to the prejudice of Appellant by failing to introduce and consider the testimony of Ronald Poff[.]"
 {¶ 18} Napier asserts that Ronald Poff's affidavit should have been admitted as evidence that Janka had gifted the monies to Napier. Napier argues that the trial court erred in failing to find that Ronald Poff had been unavailable to testify at trial, and that his out-of-court statement was not hearsay, as it had been a statement against interest.
 {¶ 19} A trial court has broad discretion in the admission or exclusion of evidence, and its judgment will not be reversed absent a clear showing of an abuse of discretion. Rigby v. LakeCty. (1991), 58 Ohio St.3d 269, 271, 569 N.E.2d 1056; State v.Hymore (1967), 9 Ohio St.2d 122, 38 O.O.2d 298, 224 N.E.2d 126. The term "abuse of discretion" connotes more than an error of law; it implies that the court acted unreasonably, arbitrarily or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse-of-discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990),53 Ohio St.3d 161, 169, 559 N.E.2d 1301.
 {¶ 20} The Ohio Supreme Court set forth a two-part test for determining the admissibility of hearsay evidence pursuant to Evid.R. 804. State v. Keairns (1984), 9 Ohio St.3d 228,460 N.E.2d 245. Under the first prong of the test, the trial court must utilize Evid.R. 804(A) to determine whether the declarant is unavailable to testify at trial. Evid.R. 804(A)(5) defines "unavailability" of a declarant under the hearsay exceptions, stating that "`unavailability as a witness' includes * * * situations in which the declarant * * * is absent from the hearing and the proponent of the declarant's statement has been unable to procure the declarant's attendance * * * by process or other reasonable means."
 {¶ 21} The testimony's proponent must demonstrate a reasonable good faith effort was made to secure the attendance of the witness. Keairns, supra, at paragraph two of the syllabus. "Generally, in civil cases involving a witness who is unavailable because he is beyond the jurisdiction of the trial court, a reasonable explanation for the witness's absence, usually derived from an explanation by counsel, is sufficient to demonstrate the witness's unavailability and permit the introduction of former testimony." Banks v. D'Andrea (Sept. 23, 1997), Franklin App. No. 97APG03-321, citing Fulton v. Aszman (1982),4 Ohio App.3d 64, 446 N.E.2d 803; Bauer v. Pullman Co. (1968),15 Ohio App.2d 69, 239 N.E.2d 226. A record showing that subpoenas were issued unsuccessfully, without sworn testimony, is insufficient to demonstrate the unavailability of the witness. Id. at 232. See, also, Karst v. Goldberg (1993), 88 Ohio App.3d 413, 422,623 N.E.2d 1348.
 {¶ 22} In this case, Napier had the burden of establishing Ronald Poff's unavailability. Darla Poff testified that she lived in West Virginia, and that she had been married to Ronald Poff for seventeen years. Shortly thereafter, counsel explained that Ronald Poff was unable to personally appear in court due to a "hardship" that was "work related." The trial court found that because no deposition had been taken of Ronald Poff's testimony, his affidavit was not admissible. We disagree with this determination. In our opinion, counsel's explanation sufficed to establish Ronald Poff's unavailability and permit the introduction of his affidavit. Therefore, we find that the court did abuse its discretion by finding that Ronald Poff was not unavailable pursuant to Evid.R. 804(A).
 {¶ 23} Under the second part of the Keairns test, Napier must show that the out-of-court statement bears sufficient indicia of reliability. Keairns, supra, at 230. Generally, if evidence falls within a hearsay exception established by Evidence. R. 804(B), its reliability can be inferred without a specific showing of trustworthiness. Id. Under Evid.R. 804(B)(3), a statement which the offering party shows was against the declarant's interest when made is automatically admissible if the declarant is unavailable. In defining a statement against interest, under Evid.R. 804(B)(3), is a "statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true."
 {¶ 24} In this case, Ronald Poff clearly had a pecuniary interest in the money he stood to inherit from Janka. By drafting the affidavit, Ronald Poff made a statement against that interest, such that he provided evidence against his inheritance in the amount of a one-third share of $73,892.00.
 {¶ 25} We conclude that the affidavit did meet the requirements for admissibility of a statement against interest under Evid.R. 804(B)(3), as the affidavit contained information contrary to Ronald Poff's pecuniary interest such that a man in his position would not have made the statement unless he believed it to be true. Therefore, we find that the trial court abused its discretion by not admitting Ronald Poff's affidavit.
 {¶ 26} Based upon these reasons, we find that the exclusion of this testimony was unreasonable, and we hereby sustain this assignment of error and reverse the trial court's decision which failed to admit the affidavit as evidence.
 {¶ 27} Napier's third and fourth assignments of error are as follows:
 {¶ 28} "The trial court erred to the prejudice of Appellant as the trial court's decision was against the manifest weight of the evidence[.]"
 {¶ 29} "The trial court erred to the prejudice of Appellant by applying an ademption by satisfaction to a residuary estate[.]"
 {¶ 30} Our disposition of the second assignment of error renders the remaining assignments of error moot.
 {¶ 31} Accordingly, we reverse the trial court's decision and remand the case for further considerations upon the merits of the case in accordance with this opinion.
Brogan, J. and Wolff, J., concur.