[Cite as *In re Estate of Kemp*, 189 Ohio App.3d 232, 2010-Ohio-4073.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

IN RE ESTATE OF KEMP;
FENWICK,

CASE NO.  2-09-28

APPELLANT.

O P I N O N

Appeal from Auglaize County Common Pleas Court
Probate Division
Trial Court No. 2008 EST 0001

Judgment Reversed and Cause Remanded

Date of Decision:   August 30, 2010

APPEARANCES:

James J. Condit, for appellant.

Dennis P. Faller, for appellees.

Barry W. Manez and David M. Pizley, for amicus curiae,
Barrett G. Kemp

WILLAMOWSKI, Presiding Judge.

{¶ 1}   Appellant, Cheryl Fenwick, appeals from the judgment of the Court of Common Pleas of Auglaize County, Probate Division, denying the exceptions to the inventory of the decedent.  For the reasons set forth below, the judgment is reversed.

{¶ 2}   Shirley Kemp, the decedent, died on June 17, 2007.  On January 2, 2008, Barry Kemp filed an application to probate the decedent's will and a copy of the will.  The will named the decedent's four daughters, Fenwick, Joni Ahlers, Jayne Fahncke, and Lori Morris, as co-executors.  After many disputes, legal proceedings, and changes of attorney, on February 28, 2008, all heirs and next of kin agreed that Ahlers and Fahncke would be co-executors.  On February 25, 2009, the trial court sent a notice to the co-executors that a show-cause hearing had been set for April 3, 2009, due to their failure to file the inventory.  On April 3, 2009, the trial court granted a continuance on the hearing until May 8, 2009, so that the co-executors would obtain appraisals.  On May 28, 2009, the parties requested to have until June 19, 2009, to get the inventory filed.  This motion was granted that same day, and the appraisers were appointed.  The inventory and schedule of assets was filed on June 19, 2009.  A hearing on the inventory was scheduled for August 7, 2009.  On July 30, 2009, Fenwick filed exceptions to the inventory and appraisal, alleging that several items were missing from the inventory.  Kemp filed exceptions to the inventory on July 31, 2009.

{¶ 3}   On November 6, 2009, a hearing was held on the exceptions.  At the hearing, the two co-executors each testified.  The trial court entered judgment denying the exceptions on November 9, 2009.  Fenwick appeals from this judgment and raises the following assignment of error.

> The trial court erred by overruling (denying) the exceptions to the inventory and finding that there is no additional property to be included in the inventory.

{¶ 4}   Fenwick argues in the assignment of error that the trial court erred in excluding half the tax refund for 2007 and excluding the additional personal property.  The fiduciaries of an estate are responsible for collecting all the assets of the decedent.  R.C. 2113.25.  Assets have been defined as "all the property of a person (esp. a bankrupt or deceased person) available for paying debts or for distribution."  Black's Law Dictionary (9th Ed.2009) 134.  In an estate, assets are divided into two categories:  probate and nonprobate.  A nonprobate asset is one that is exempted from administration by statute or one that passes by virtue of a contract activated by the death of the decedent.  Id. at 135.  All other property owned by the decedent is a probate asset.  The fiduciary must list all probate assets on an inventory within three months of appointment.  R.C. 2115.02.  After the inventory is completed, it is filed with the trial court, and a hearing date is set.  If an heir or other interested party disagrees with the content of the inventory, either believing that items have been omitted or that other items have been

included that should not have been, they may file an exception to the inventory at least five days before the scheduled hearing. R.C. 2115.16. "The hearing of exceptions to an inventory under [R.C. 2115.16], is a summary proceeding conducted by the Probate Court to determine whether those charged with the responsibility therefor have included in a decedent's estate more or less than such decedent owned at the time of [her] death." *In re Estate of Gottwald* (1956), 164 Ohio St. 405, 131 N.E.2d 586, paragraph one of the syllabus.

{¶ 5} "The representative of an estate has an obligation and mandatory duty to seek out and collect every asset belonging to the decedent at the time of [her] death and include it in the estate." *In re Estate of Ewing,* 3d Dist. No. 5-03-03, 2003-Ohio-4734, ¶ 12. This duty exists from the time the executor is appointed until the final account is filed and the executor is discharged. Id. If the record indicates that the inventory is inaccurate and is lacking assets that should have been included, the trial court errs in approving it. Id. In addition, the items to be included in the inventory are not limited to only the items in the estate's actual possession. *In re Estate of Kelsey*, 165 Ohio App.3d 680, 2006-Ohio-1171, 847 N.E.2d 1277.

{¶ 6} In this case, Fenwick alleges that the inventory is lacking several assets. Prior to the hearing, all parties agreed that there were several items missing and agreed to include them. However, the parties continued to disagree

-4-

as to whether the following items should have been included: (1) Jean Thomas Designs items, (2) various personal property such as holiday glassware, Longaberger baskets, photo equipment, office equipment, and Christmas decorations, (3) personal items of decedent, such as jewelry, bicycle, purses, and coats, and (4) one half of the 2007 tax refund received from the joint return filed by decedent's husband. Ahlers testified at the hearing concerning these items. She testified that in her position as co-executor, she requested information from the IRS concerning whether a tax refund was filed for 2007 on behalf of her mother. Through her investigation as co-executor, she learned that a joint refund in the amount of $13,739.00 had been paid to the decedent's husband. She presented a copy of a tax-return transcript provided by the Internal Revenue Service as evidence of the amount of the refund. However, the transcript was excluded as not being properly authenticated. The requirement of authentication is satisfied "by evidence sufficient to support a finding that the [evidence] in question is what its proponent claims." Evid.R. 901(A). Here, the only testimony was Ahlers's statement, "I asked and gave the IRS my court appointed papers and they sent me this information." This testimony is not sufficient to authenticate the document, as she has no personal knowledge of the contents of the tax return. Although the tax return itself was not admissible, Ahlers's personal knowledge as fiduciary, that she learned upon investigation of the decedent's assets, is still in

the record. She testified that there was a tax refund to which the decedent had a right. This testimony was not disputed in any way. Thus, the portion of the tax refund to which the decedent (and, thus, her estate) had a right should have been included in the inventory, and the trial court erred in ignoring it.[1]

{¶ 7} Fenwick also contends that there were numerous items of personal property that were not included on the inventory. The testimony of Ahlers and Exceptor's Exhibit B indicate the nature of this property and provide that appraisals need to be done. The testimony of Fahncke does not dispute the existence of these items. Rather, she testified that the items had already been disbursed after the decedent's death or should go to other people and thus should not be included in the inventory. She admitted that she did not have household items appraised. Fahncke testified that she included only the items that her mother had specifically told her should be given out at her death on the inventory. Id. She testified that she did not believe that she should include anything purchased for the house by the decedent because that was for the decedent and her spouse, not the children. Any item of tangible personal property not identified by the decedent as going to one of her daughters was not included in the inventory. The possession of the items or eventual title of ownership to the items is irrelevant

---

[1] This court notes that the amount of the decedent's portion of the refund that should be included on the inventory was not necessarily proven. However, nothing changes the fact that the refund was a joint refund and that the decedent had an interest in it. The value of the asset can be determined by the fiduciaries when the new inventory is filed.

to whether the items should be included in the inventory. *Kelsey*, 165 Ohio App.3d 680, 2006-Ohio-1171, 847 N.E.2d 1277. All probate assets in which the decedent had an interest at the time of her death must be included on the inventory.[2] A review of the inventory does not include any totals for personal property, household goods and furnishings, or miscellaneous items. Instead, it identifies only specific items, which do not include the items listed in the exceptions. In viewing the items listed in the inventory and the uncontroverted testimony of the witnesses as to the existence and ownership of other items not included on the inventory, we hold that the trial court erred in not granting the exceptions. Therefore, the assignment of error is sustained.

{¶ 8} The judgment of the Court of Common Pleas of Auglaize County, Probate Division, is reversed, and the matter is remanded for further proceedings.

Judgment reversed
and cause remanded.

ROGERS and PRESTON, J.J., concur.

---

[2] Although the items must be included in the inventory, they do not need to be individually identified unless of unusual value for the item.