[Cite as *In re Estate of Distelhorst*, 2016-Ohio-413.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF | : | Case No. 14CA3472 |
| THE ESTATE OF | : | |
| MARJORIE C. DISTELHORST | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| | : | |
| | : | **Released: 01/29/16** |

_____
APPEARANCES:

James L. Mann, Mann and Preston LLP, Chillicothe, Ohio, for Appellants.[1]

James K. Cutright, Cutright & Cutright LLC, Chillicothe, Ohio, for Appellee.[2]
_____

McFarland, J.

{¶1} This is an appeal from a decision by the Probate Court of Ross County, Ohio, overruling exceptions to the inventory and appraisal filed in the estate of Marjorie C. Distelhorst. On appeal, Appellants, Robert M. Miller and Nancy Lallier, co-executors of the estate of Robert B. Miller, contend that: 1) the probate court erred by approving an inventory without notice to known creditors; 2) the probate court erred by approving an inventory that contained items of tangible personal property, which were not

---

[1] James Mann represents Appellants Robert M. Miller and Nancy Lallier in their capacities as co-executors of the estate of Robert B. Miller.
[2] James Cutright represents Appellee Ralph Hempfling, the son of Marjorie C. Distelhorst, deceased, in his capacity as executor of the estate of Marjorie C. Distelhorst. Distelhorst was former executor of the estate of Robert B. Miller.

of readily ascertainable value, without an appraisal; 3) the probate court erred in permitting the fiduciary to utilize an appraisal that was five years old; 4) the probate court erred in not rejecting an inventory, which on the uncontroverted testimony of the fiduciary, was not accurate; and 5) the probate court erred in overruling the exceptions to the inventory.

{¶2} Because Appellants were ultimately made aware of the filing of the inventory and were permitted a hearing on their exceptions, we find any error associated with the lack of notice was rendered moot. Accordingly, Appellants' first assignment of error is overruled. Likewise, we find Appellants' second and third assignments of error to be without merit, as we find no abuse of discretion on the part of the trial court in accepting property values from a prior appraisal in approving the inventory, and thus, they are overruled. However, because we conclude the trial court abused its discretion in overruling the exceptions to the inventory, in part, and in further approving the inventory, Appellants' fourth and fifth assignments of error are sustained.

{¶3} Accordingly, having found some merit in Appellants' fourth and fifth assignments of error, the decision of the probate court overruling Appellants' exceptions to the inventory is reversed, in part, as is the probate

court's decision approving the inventory.  Thus, this matter is remanded to the trial court for further proceedings.

FACTS

{¶4} Appellee, Ralph Hempfling, is the executor of his mother's, Marjorie C. Distelhorst's, estate.  Marjorie C. Distelhorst was the former executor of Robert B. Miller's estate.  Robert B. Miller and Marjorie Distelhorst, though never married, co-habitated for several years prior to Miller's death in 2008.  Distelhorst was the beneficiary of Miller's personal property as well as a life estate in Miller's residence.  After Distelhorst's death, Appellants herein, Robert M. Miller and Nancy Lallier, Robert B. Miller's children, petitioned the probate court to reopen Robert M. Miller's estate and appoint them co-executors.

{¶5} Although Marjorie Distelhorst died on June 1, 2011, an estate was not initially opened.  However, Distelhorst's will was admitted to probate on July 25, 2014, and Appellee Hempfling was appointed as executor.  Appellee filed an estate inventory on August 21, 2014.  The inventory was approved by the probate court the same day.  In their capacities as co-executors of Robert M. Miller's estate, Appellants filed exceptions to the Distelhorst estate inventory on September 22, 2014, claiming to be creditors of the estate, and as such, interested persons entitled

to have received notice of the hearing on the inventory.[3] Appellants claimed in their exceptions that the inventory was not accurate, that the assets listed had not been appraised, that assets had been omitted from the inventory, and that no hearing was held on the inventory as required by R.C. 2115.16.

{¶6} As a result, the probate court scheduled an exceptions hearing. Appellants and their counsel as well as Appellee and his counsel participated in the hearing. Appellee testified in his capacity as the executor and Robert M. Miller also testified. After hearing the evidence and testimony presented by the parties, and after considering subsequently submitted written briefs, the probate court overruled the exceptions to the inventory. It is from the probate court's entry overruling the exceptions that Appellants now bring their appeal, setting forth the following assignments of error for our review.

ASSIGNMENTS OF ERROR

"I.    THE PROBATE COURT ERRED BY APPROVING AN INVENTORY WITHOUT NOTICE TO KNOWN CREDITORS.

II.    THE PROBATE COURT ERRED BY APPROVING AN INVENTORY THAT CONTAINED ITEMS OF TANGIBLE PERSONAL PROPERTY, WHICH WERE NOT OF READILY ASCERTAINABLE VALUE, WITHOUT AN APPRAISAL.

III.    THE PROBATE COURT ERRED IN PERMITTING THE FIDUCIARY TO UTILIZE AN APPRAISAL THAT WAS FIVE YEARS OLD.

---

[3] Although Appellants had not filed a claim in the Distelhorst estate, the record indicates that a separate civil suit had been brought against the Distelhorst estate, of which Appellee was aware of at the time he filed the estate inventory.

IV.   THE PROBATE COURT ERRED IN NOT REJECTING AN INVENTORY, WHICH ON THE UNCONTROVERTED TESTIMONY OF THE FIDUCIARY, WAS NOT ACCURATE.

V.   THE PROBATE COURT ERRED IN OVERRULING THE EXCEPTIONS TO THE INVENTORY."

ASSIGNMENT OF ERROR I

{¶7} In their first assignment of error, Appellants, co-executors of the estate of Robert B. Miller, contend that the probate court erred in approving an inventory without notice to known creditors. Appellee Ralph Hempfling, executor of the estate of Marjorie Distelhorst, contends that Appellants were not entitled to notice because they were not beneficiaries, next of kin or creditors of Distelhorst. Appellee further argues, as a result, Appellants have no standing to bring the current appeal. Finally, Appellee contends that this Court lacks jurisdiction to review this matter because Appellants failed to appeal from the order approving the inventory within time limits. Based upon the following, however, we reject the arguments of both parties and overrule Appellants' first assignment of error.

{¶8} A review of the record indicates that Appellee, Ralph Hempfling, filed an estate inventory and appraisal in the Distelhorst estate on August 21, 2014. Attached to the inventory was a schedule of assets with values listed for each item or category, and indicated no appraisal had been performed.

An order approving the inventory was filed the same day, indicating that notice had been given to or waived by all interested parties and that a hearing was held. It does not appear from the record that any notice of the filing of the inventory or scheduled hearing thereon was provided to anyone, as there was no surviving spouse, no other next of kin aside from Hempfling and no known creditors of the estate.[4]

{¶9} Appellants, however, became aware of the fact that an inventory had been filed and approved by the probate court and thereafter, on September 22, 2014, filed exceptions to the inventory. The matter was set for a hearing, which took place on October 21, 2014. Appellants were permitted to question Hempfling regarding the assets contained in and also allegedly omitted from the inventory. Robert M. Miller also testified and the court itself questioned him at length. After hearing the testimony and considering written briefs submitted by the parties thereafter, the probate court ultimately overruled the exceptions.

{¶10} The probate court, in its entry overruling the exceptions to the inventory, held that Appellants' claim that they had not been provided with notice of the hearing on the inventory was rendered moot upon the court's subsequent holding of a hearing and Appellants' participation therein. We

---

[4] Although it is suggested that Hempfling was aware of claims being made against the Distelhorst estate, and that the Distelhorst estate had been added as a defendant in a separate civil suit, there is no record of any claim being filed in the estate itself.

agree.  Any argument by Appellants that they were prejudiced by lack of notice of the filing of the inventory or approval thereof became moot once they were permitted to file exceptions to the inventory and were permitted a hearing on their exceptions.  Further, implicit in the probate court's decision to hold a hearing on Appellants' exceptions is the fact that the court found Appellants to be interested parties.  The record reflects that although Appellants had not filed a formal claim in the estate itself, Appellants had brought claims against the estate in a separate civil proceeding that was currently pending at the time the estate inventory was filed.  In light of these circumstances, we find no error or abuse of discretion on the part of the probate court in allowing Appellants to file exceptions after the inventory had already been approved, and affording them a hearing on those exceptions, as interested parties.

{¶11} With regard to Appellee's assertions regarding lack of standing and jurisdiction, we note that R.C. 2115.16 permits any person interested in the estate or any property included in the inventory to file exceptions to the inventory.  As set forth above, we have already concluded that no error exists with respect to the probate court's implicit determination that Appellants were interested parties.  As interested parties that had their exceptions to the inventory overruled, it follows that Appellants have

standing to pursue an appeal from the probate court's decision overruling their exceptions.

{¶12} However, as set forth above, Appellee also argues that this Court lacks jurisdiction to review this matter on appeal as Appellants failed to appeal from the probate court's earlier decision approving the inventory, which was issued more than thirty days prior to the filing of the exceptions to the inventory. In support of this argument, Appellee contends that an order approving an estate inventory is a final appealable order and that Appellants should have appealed from that order. Because of the procedural history of this case, however, we disagree.

{¶13} As referenced above, the Ohio Revised Code requires that the executor of an estate file an inventory and appraisal of the estate of the decedent in the probate court, and permits any interested person to file exceptions to the assets the executor included in the inventory. See R.C. 2115.02 and 2115.16. A hearing on exceptions to inventory under R.C. 2115.16 is a summary proceeding conducted by the probate court to determine whether an executor has included in a decedent's estate the assets that the decedent owned at the time of his or her death. *In re Estate of Gottwald*, 164 Ohio St. 405, 131 N.E.2d 586, paragraph one of the syllabus (1956).

{¶14} In *In re Estate of Workman*, 4th Dist. Lawrence No. 07CA39,
2008-Ohio-3351, ¶ 13, this Court set forth the following standard of review
when dealing with an appeal from a ruling on exceptions to an inventory:

" 'An "exceptions" hearing is a special proceeding.  An entry
overruling or sustaining objections to an account is a final
appealable order.' " *In re Estate of Counts* (Sept. 18, 2000),
Ross App. No. 99CA2507, 2000 WL 1572710, citing *Sheets v.
Antes* (1984), 14 Ohio App.3d 278, 470 N.E.2d 931.  The
standard of review on appeal from a ruling on exceptions to an
inventory is abuse of discretion. *In re Estate of Scott*, 164 Ohio
App.3d 464, 2005-Ohio-5917, 842 N.E.2d 1071, at ¶ 2; *In re
Estate of Shelton*, 154 Ohio App.3d 188, 2003-Ohio-4593, 796
N.E.2d 955, at ¶ 8; *In re Estate of Platt,* 148 Ohio App.3d 132,
2002-Ohio-3382, 772 N.E.2d 198, at ¶ 13; *Counts, supra.*  An
abuse of discretion involves far more than a difference in
opinion.  The term discretion itself involves the idea of choice,
of an exercise of the will, of a determination made between
competing considerations.  In order to have an 'abuse' in
reaching such a determination, the result must be so palpably
and grossly violative of fact and logic that it evidences not the

exercise of will but perversity of will, not the exercise of

judgment but defiance thereof, not the exercise of reason but

rather of passion or bias. *State v. Jenkins* (1984), 15 Ohio St.3d

164, 222, 473 N.E.2d 264, 313, certiorari denied (1985), 472

U.S. 1031; *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio

St.3d 83, 87, 482 N.E.2d 1248, 1252.' "

{¶15} As we already indicated, an estate inventory was filed and

approved on the same day without notice being provided to Appellants. As

correctly noted by the probate court in its entry overruling Appellants'

exceptions, R.C. 2115.16 provides that a trial court "may" serve notice of

the hearing on the inventory upon any person interested in the estate. Thus,

the notice requirements, even as to interested parties, appear to be

discretionary. Nonetheless, the court agreed to consider Appellants'

exceptions and set the matter for a hearing. Again, we see no need to disturb

this decision, which appears to be in the discretion of the probate court.

Because Appellants were not provided with notice of the initial filing or

hearing held on the inventory, they could not have timely appealed from the

decision. Further, there is some disagreement among the districts on what

exactly constitutes a final appealable order in the context of estate

inventories and exceptions filed therefrom.

**{¶16}** As discussed in *In re Estate of Sickmiller*, 3rd Dist. Paulding No. 11-13-01, 2013-Ohio-3788, ¶ 7, the court noted that the general view in the Third District Court of Appeals is that " '[w]hile an entry denying exceptions does not affect the substantial rights of a party [and thus is not a final appealable order], an order approving an inventory is a final appealable order.' " Citing, *In re Estate of Messenger*, 3rd Dist. Hancock No. 5-08-07, 2008-Ohio-5193, ¶ 6. The *Sickmiller* court noted that their position on this issue was in line with the views of cases from the Eleventh District, but noted that there was "some variety among Ohio courts regarding the issue." Id. at ¶ 7-8. In particular, the *Sickmiller* court also noted that "[t]he Fourth District has also produced language suggesting that judgment entries overruling exceptions to an inventory are final and appealable orders." Id. at ¶ 10; citing *In re Estate of Workman*, *supra,* at ¶ 13. *Sickmiller* went on to explain, however, that in *Workman,* this Court qualified our language by finding that "judgment entries overruling exceptions but failing to approve a final inventory are not final, appealable orders." Id. at ¶ 10.

**{¶17}** Here, the entry approving the inventory was filed prior to the filing of the exceptions to the inventory. Further, once the entry overruling the exceptions to the inventory was filed, a substantial right of Appellants, as interested parties in the estate, was affected as their exceptions were

overruled and the inventory had already been approved. Under these circumstances and based upon the foregoing case law, we conclude that Appellants were interested parties with standing to appeal the probate court's entry denying their exceptions to the Distelhorst inventory, which was issued after the inventory had already been approved, without providing notice to them. We further conclude that in light of the circumstances in which these entries were issued, the entry overruling the exceptions to the inventory was a final appealable order over which we have jurisdiction to review.

{¶18} In any event, because we find no merit to the stated argument under Appellants' first assignment of error, that the trial court erred in approving the inventory without notice to known creditors, Appellants' first assignment of error is overruled.

ASSIGNMENTS OF ERROR II , III, IV and V

{¶19} As Appellants' second, third, fourth and fifth assignments of error all address the question of whether the trial court erred in overruling exceptions to the estate inventory of assets and appraisal (or lack thereof), we address them together. We initially note, however, that although Appellants set forth five concise assignments of error at the outset, the body of their brief fails to separately argue the assignments of error as initially

presented. Nonetheless, in the interests of justice, we will attempt to address all of the issues raised by Appellants.

{¶20} As noted above, the standard of review on appeal from a ruling on exceptions to an inventory is abuse of discretion. *In the Matter of the Estate of Workman*, *supra,* at ¶ 13 (internal citations omitted). Generally, the party disputing the inventory has the burden of going forward with evidence that challenges the estate's inventory. Id. at ¶ 14; citing *In re Estate of Hass*, 10th Dist. Franklin No. 07AP-512, 2007-Ohio-7011, ¶ 43; *Napier v. Watkins*, 2nd Dist. Montgomery No. 20122, 2004-Ohio-4685, ¶ 15. Further, in determining whether the trial court's decision on an exception to inventory is against the manifest weight of the evidence, this Court explained in *Workman* as follows:

> "This court is not permitted to substitute its judgment for that of the trial court. As a reviewing court, we are guided by the presumption that the findings of the trial court are correct. The trial court is in the best position to view witnesses and their demeanor and to use its observations in weighing the credibility of the proffered testimony. *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276 (1984). Under this standard, judgments supported by some competent, credible

evidence, going to all the essential elements of the case, will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus (1978). In the event that the evidence is susceptible to more than one interpretation, the appellate court must construe it consistently with the trial court's judgment. *Gerijo, Inc. v. City of Fairfield*, 70 Ohio St.3d 223, 226, 638 N.E.2d 533, 536 (1994)."

*Workman* at ¶ 15; quoting *Counts*, *supra*.

{¶21} First, Appellants argue that the probate court erred in approving an inventory which contained items whose value was not readily ascertainable and which had not been appraised.  Appellants further contend that the trial court erred in permitting the estate fiduciary to utilize an appraisal that was five years old.  Appellee does not address this argument in his brief.

{¶22} R.C. 2115.02 states that "[t]he inventory shall set forth values as of the date of death of the decedent[,]" and that "[a]ny asset, the value of which is readily ascertainable, is not required to be appraised but shall be included in the inventory."  A review of the record indicates that the assets listed in the inventory of Distelhorst's estate were in fact, not appraised.  The

probate court specifically addressed this issue in its entry overruling the

exceptions to the inventory.  In its entry, the probate court stated as follows:

"From the testimony presented, it appears that the assets set

forth in the inventory herein were assets decedent inherited

from the Estate of Robert B. Miller.  The Court notes that

Exceptors have filed these exceptions in their capacity as

Successor Co-Executors of the Estate of Robert B. Miller.  The

list of assets and their valuation in both estates are identical.

The Court finds it appropriate for the Executor to utilize the

same valuations approved by this Court in the prior estate.

Additionally, Exceptors failed to offer any evidence of the

value of the assets."

{¶23} In light of our abuse of discretion standard of review, we

conclude that here, where the items at issue had been appraised by an

approved appraiser as part of Robert B. Miller's estate five years earlier and

approved by the probate court without exceptions by Appellants at that time,

the trial court did not err in permitting the prior appraised amounts to be

utilized in the Distelhorst estate.  We conclude this is the correct view,

especially in light of the fact that the burden was upon Appellants to

challenge the estate's inventory.  Appellants offered no evidence of different

values than were listed in the inventory. Although Robert M. Miller testified that a particular tractor listed in the inventory was rare and unique, he offered no alternative value and did not attempt to introduce testimony or evidence indicating the tractor had been appraised for a different amount.

{¶24} As noted by Appellee, Appellants have been in possession of the assets at issue. Thus, they could have readily had the assets appraised and introduced evidence that they were valued differently than the values listed in the inventory. However, they did not. Based upon these facts, we cannot conclude that the trial court abused its discretion in permitting the fiduciary to utilize the appraisal from the Miller estate. As such, Appellants' second and third assignments of error are overruled.

{¶25} In their fourth assignment of error, Appellants contend that the probate court erred in not rejecting an inventory, which they allege was not accurate based upon the uncontroverted testimony of the fiduciary. In their fifth assignment of error, they contend that the probate court erred in overruling the exceptions to the inventory. Again, we are guided by an abuse of discretion standard of review and in that context must determine whether the trial court's decision in overruling the exceptions and approving the inventory was against the manifest weight of the evidence.

{¶26} " 'The representative of an estate has an obligation and mandatory duty to seek out and collect every asset belonging to the decedent at the time of [her] death and include it in the estate.' " *In re Estate of Kemp*, 189 Ohio App.3d 232, 2010-Ohio-4073, 937 N.E.2d 1102, ¶ 5; quoting *In re Estate of Ewing*, 3rd Dist. Hancock No. 5-03-03, 2003-Ohio-4734, ¶ 12. As noted in *Kemp*, this duty exists from the time the executor is appointed and continues until the final account is filed and the executor is discharged. Id. Importantly, if the record indicates that the inventory is inaccurate and is lacking assets that should have been included, the trial court errs in approving it. Id. Additionally, items to be included in an inventory are not limited to only the items in an estate's actual possession. Id.; citing *In re Estate of Kelsey*, 165 Ohio App.3d 680, 2006-Ohio-1171, 847 N.E.2d 1277.

{¶27} In the proceedings below, and especially apparent at the hearing on the exceptions to the inventory, the trial court struggled to discern from Appellants what exactly they were claiming was inaccurate with respect to the inventory filed by Appellee. There was testimony that Appellee Hempfling essentially drafted the inventory based upon his memory of what assets of his mother's remained on the property, as he had not been permitted access to the residence. Appellants introduced evidence in the form of answers to interrogatories that were filed in a separate civil lawsuit, in which

Appellee admitted to disposing of several items owned by Distelhorst after her death, items which were not included on the inventory that was filed.

{¶28} The inventory filed by Appellee listed the following items: Misc. household goods and personal property, Ford tractor, Allis-Chalmers Truck Farm Tractor, Shop Tools and a Tractor Part. The interrogatories propounded in the separate civil actions asked whether Appellee, following his mother's death, had taken possession of or transferred to any other person any of the personal property located at her residence. Appellee responded in the affirmative, stating that he had either taken possession or removed the following: "Clothes drier, riding lawnmower, bed, 5 quilts, refrigerator, pots and pans, family pictures, rototiller, desk and china." While it is reasonable that the clothes drier, bed, quilts, refrigerator, pots and pans, family pictures, desk and china were likely contained in the general category of "Misc. household goods" listed in the inventory, Appellants' main focus in filing the exceptions seemed to be that there was a zero-turn lawnmower and rototiller that had been owned by Distelhorst, that had not been listed in the inventory.[5]

---

[5] Although Robert M. Miller claimed that several other assets were omitted from the inventory, upon closer questioning by the trial court during the hearing, it was clear that most of the assets he was alleging were omitted, while present on the property at the time of his father's death, were not necessarily present on the property at the time Distelhorst died, or at least he had no evidence that Distelhorst actually was still in possession of them at the time of her death.

{¶29} Thus, Appellants primarily argued that Appellee had disposed of a "zero-turn lawnmower" and a rototiller, items which Appellants contend should have been included in the inventory, and claimed that the mower was purchased just two years prior for over $4,000.00.[6] Appellee admitted in the answers to interrogatories that he had disposed of a "riding lawnmower" and a rototiller and specified that he had sold them to a neighbor for $1,500.00. Further, at the hearing on the exceptions to the inventory, Hempfling admitted that he disposed of several items at Distelhorst's residence "after" Distelhorst died. Appellee's testimony was clear that the "riding lawnmower" he disposed of was a "zero-turn mower" that was two years old.

{¶30} In overruling the exceptions to the inventory, the probate court stated that "the testimony about the sale of the zero turn mower did not identify the owner of that mower. It merely established that a zero turn mower was sold." The court stated, with respect to the rototiller, that "[n]o direct evidence was offered relative to the decedent's ownership of a rototiller at the time of her death. The testimony about the sale of the rototiller did not identify the owner of the rototiller." The Court further

---

[6] When the probate court questioned Appellant Robert M. Miller during the hearing, Miller at first listed several other items he believed were omitted from the inventory. However, upon further clarification and questioning by the trial court, Miller testified he believed those items were present at the residence upon his father's death, but not necessarily at Distelhorst's death. Thus, we limit our analysis to the zero-turn mower and rototiller.

premised its ruling on the fact that when the probate court interjected itself into the proceedings and questioned Robert M. Miller about specific items allegedly omitted from the inventory, Miller failed to name a zero-turn mower or a rototiller. However, a full reading of the transcript indicates that the testimony about the zero-turn mower and the rototiller were already clearly part of the record prior to the probate court's questioning, and indicates that Hempfling had taken possession of them from the residence after Distelhorst's death and transferred them to a neighbor for $1,500.00.

{¶31} Based upon Appellee's answers to interrogatories and his testimony at the exceptions hearing, which taken together indicate that he took possession of both the zero-turn mower and rototiller from Distelhorst's residence after her death and sold them to a neighbor, we conclude that the probate court erred in overruling the exceptions to the inventory as to these two items. Contrary to the probate court's findings that there was no evidence Distelhorst owned these items at the time of her death, we conclude that the record demonstrates otherwise and the court's decision was against the manifest weight of the evidence and, as such, was an abuse of discretion. Thus, Appellants' fourth and fifth assignments of error are sustained, in part.

{¶32} Before concluding, however, we take this opportunity to briefly address Appellee's argument on appeal that an agreed order filed in the

separate civil action has rendered this appeal moot. Appellee contends that since this appeal was filed, the parties worked together to devise a list of property currently remaining at the residence in which Distelhorst lived at the time of her death. In support of his argument, Appellee directs our attention to an entry in the separate civil suit, dated January 28, 2015.[7] Attached to the January 28, 2015 entry is a document titled "Exhibit A" which purports to list the personal property of Marjorie Distelhorst's estate. The entry indicates that the items listed on Exhibit A constitute "[t]he Distelhorst property remaining in the Residence."

{¶33} As set forth above, the items or assets properly included in an estate inventory include all assets owned by a decedent at the time of his or her death, even items that were transferred or disposed of after his or her death but prior to the administration of the estate. As such, the fact that the parties now agree on the items now "remaining" at the residence does not moot Appellants' claims that items owned by Distelhorst at the time of her death were disposed of and then omitted from the estate inventory. *In re Estate of Kemp*, *supra,* at ¶ 7 (stating, in response to the fiduciary's claim that certain items had already been dispersed and should not, therefore, be included in the inventory, that "[t]he possession of the items or eventual title

---

[7] This entry is attached as an exhibit to a memorandum filed by Appellee in support of his motion for an extension of time to file his appellate brief.

of ownership to the items is irrelevant to whether the items should be included in the inventory"); citing *In re Estate of Kelsey*, *supra*.  Thus, we find no merit to this argument raised by Appellee.

{¶34} Accordingly, having found some merit in Appellants' fourth and fifth assignments of error, the decision of the probate court overruling the exceptions to the inventory is reversed, in part, and this matter is remanded for further proceedings consistent with this opinion.

**JUDGMENT REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS and that the Appellants recover of Appellee any costs herein.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court, Probate Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. and Hoover, J.: Concur in Judgment Only.


For the Court,


BY:  _____
Matthew W. McFarland, Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**