[Cite as *In re Estate of Crain*, 2017-Ohio-2724.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **O P I N I O N** |
| ESTATE OF RALPH A. CRAIN, DECEASED | : | **CASE NO. 2016-T-0017** |
| | : | |
| | : | |
| | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Probate Division, Case No. 14 EST 0464.

Judgment: Affirmed.

*David L. Engler,* 725 Boardman-Canfield Road, Suite S-3, Youngstown, OH 44512 (For Appellants).

*David A. Shepherd,* Turner, May & Shepherd, 185 High Street, N.E., Warren, OH 44481 (Special Administrator WWA).

*Douglas J. Neuman,* Neuman Law Office, LLC, 761 North Cedar Street, #1, Niles, OH 44446 (For Appellees Bryan Crain and Frederick J. Crain)

COLLEEN MARY O'TOOLE, J.

{¶1} Thomas Crain, Jill Sferra, Marcia McNelis and Debra Pirock (collectively, "exceptors"), appeal from the judgment of the Trumbull County Court of Common Pleas, Probate Division, dismissing their exceptions to the amended inventory and appraisal filed in their late father, Ralph Crain's estate. Principally, they allege some $760,000 in

cash is missing from the estate. Finding they failed to carry their burden of proof, we affirm.

{¶2} Ralph Crain died June 9, 2014, aged 91. He was preceded in death by his wife, Margaret, aged 89, in 2013. Attorney David A. Sheperd was appointed Special Administrator WWA for Ralph Crain's estate. Mr. Shepherd filed an inventory and appraisal October 15, 2014, and an amended inventory and appraisal October 21, 2014. Exceptors filed their exceptions to the amended inventory and appraisal November 10, 2014. Hearing on the exceptions went forward December 14, 2015, and January 19, 2016. The trial court filed its judgment entry dismissing the exceptions February 4, 2016, and this appeal timely ensued.

{¶3} Ralph Crain operated a small truck farm, and sold the resulting produce from a stand located on his property. When younger, he had also worked for the government inspecting agricultural land. Tax records indicate the Crains received a gross income of $15,000 to $20,000 per year from the farm. The Crains lived a frugal lifestyle. Ralph Crain was extremely guarded concerning his financial affairs, which he ran from a small office in the farmhouse, which he kept locked. Others were rarely invited inside.

{¶4} At the hearing on the exceptions, Thomas Crain testified that his mother took him into the office in 2010, when Ralph Crain was hospitalized. He testified there were six strongboxes in the office, and that his mother opened one, showing him it contained $130,000 in carefully wrapped cash. The money was divided into packets of six thousand dollars each, the denominations being 20, 50, and 100 dolllar bills. He testified his mother stated all six boxes contained the same amount of money, evidently

2

as gifts to the six remaining Crain children, exceptors and their brothers Frederick and Bryan.

{¶5} Marcia McNelis testified her father brought her into his office in March 2011, and there were six strongboxes. She testified her father opened one, showed her there was $130,000 in cash inside, the bills being 50 and 100 dollar bills. She testified her father stated to her that all six boxes contained the same amount, and were intended for the Crain children.

{¶6} Jill Sferra testified that in February 2011, she and her parents took three of the six strong boxes from the office, and counted the money contained therein, which was $130,000 in each, in ten, 20 and 50 dollar bills. She testified her father told her each box contained the same amount, and were meant for the six Crain children.

{¶7} Frederick Crain testified that in May 2013, his father brought four strongboxes to him, which he locked in his gun safe. After his father's death, he turned the boxes over to Mr. Sheperd. Mr. Sheperd testified the four boxes he received from Frederick Crain contained legal documents, and $20,379.80 in cash.

{¶8} Most of the exceptors testified that Frederick and Bryan Crain isolated their father in his later years. Frederick and Bryan Crain testified their father wanted limited contact with exceptors. Gary Foltz, Ralph Crain's nephew, testified Ralph Crain felt closer to Frederick and Bryan Crain.

{¶9} Exceptors assign a single error on appeal. It reads: "Exceptors-Appellants assign as error that the trial court abused its discretion in denying their exceptions to the Amended Inventory filed in the Estate of Ralph Crain, Deceased, and accepting that

3

Amended Inventory." Exceptors present six issues for review under this assignment of error:

**{¶10}** "1. Should the Special Administrator, based on the totality of the circumstances, have taken steps to determine whether a large sum of money was missing from the Amended Inventory of the Estate of Ralph Crane?

**{¶11}** "2. Did the Special Administrator make the efforts legally required of him to determine if a large sum of cash was missing from the Amended Inventory of the Estate of Ralph Crane?

**{¶12}** "3. Did the manner in which the Special Administrator handled the issue of the allegedly missing money violate his fiduciary duties?

**{¶13}** "4. Did the trial court abuse its discretion in making its decision?

**{¶14}** "5. Was the decision by the trial court arbitrary?

**{¶15}** "6. Was the decision by the trial court unreasonable?"

**{¶16}** We review the probate court's decision for abuse of discretion. *In re Estate of Luoma*, 11th Dist. Lake No. 2011-L-006, 2011-Ohio 4701, ¶20. The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto,* 112 Ohio St. 667, 676–678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland,* 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

**{¶17}** "'A hearing of exceptions to an inventory, pursuant to R.C. 2115.16, is a summary proceeding conducted by the probate court to determine whether those

4

charged with the responsibility of filing an inventory have included in the decedent's estate more or less than the decedent owned at the time of his or her death.' *In re Estate of Platt,* 148 Ohio App.3d 132, 2002–Ohio–3382, ¶13 (citation omitted).

{¶18} "The exceptor has the burden of proving the existence of assets he claims should have been included on the inventory. *In re Estate of Haas,* 10th Dist No. 07AP 512, 2007–Ohio–7011, ¶43; *Talbott v. Fisk,* 10th Dist. Nos. 02AP–427 and 02AP–428, 2002–Ohio–6960, ¶31." *Luoma*, *supra*, at ¶17-18.

{¶19} "The burden of proof as to the value of any estate asset lies with the exceptor who must prove the value by clear and convincing evidence." *In re Estate of Ross*, 11th Dist. Trumbull No. 2015-T-0009, 2015-Ohio-4030, ¶37, citing *Luoma*, *supra*, and *In re Estate of Thatcher*, 6th Dist. Fulton No. F-07-004, 2008-Ohio-473.

{¶20} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus (1954).

{¶21} Initially, exceptors argue Mr. Shepherd ignored his fiduciary duty as special administrator, by failing to investigate their claim that Ralph Crain had six strongboxes containing $130,000 apiece. They further imply that Frederick and Bryan Crain exercised undue influence over their father, by limiting exceptors' contact with him during the last years of his life. For authority they cite to *In re Estate of Kemp*, 189 Ohio App.3d 232, 2010-Ohio-4073, ¶5 (3d Dist.):

5

**{¶22}** "'The representative of an estate has an obligation and mandatory duty to seek out and collect every asset belonging to the decedent at the time of (her) death and include it in the estate.' *In re Estate of Ewing*, 3d Dist. No. 5–03–03, 2003-Ohio-4734, \* \* \*, ¶12. This duty exists from the time the executor is appointed until the final account is filed and the executor is discharged. Id. If the record indicates that the inventory is inaccurate and is lacking assets that should have been included, the trial court errs in approving it. Id. In addition, the items to be included in the inventory are not limited to only the items in the estate's actual possession. *In re Estate of Kelsey*, 165 Ohio App.3d 680, 2006-Ohio-1171, \* \* \*." (Parallel citations omitted.)

**{¶23}** We respectfully fail to see how Mr. Shepherd failed in his fiduciary duty. He inspected Ralph Crain's home on several occasions, and had a professional appraise its contents. He identified Ralph Crain's bank accounts. When he opened and counted the money in the four strongboxes delivered to him by Frederick Crain, he invited representatives of both sides of the family to his office to participate. None of the exceptors did. If exceptors believed Frederick and Bryan Crain had taken the allegedly missing money, they could have filed an action for concealment, R.C. 2109.50. They never have.

**{¶24}** In this case, Thomas Crain, Marcia McNelis, and Jill Sferra all testified they saw $130,000 in one or more strongboxes in Ralph Crain's possession in 2010 or 2011. Ralph Crain died in June 2014. There is no evidence or testimony that six strongboxes containing $130,000 each existed at the time of his death. Consequently, exceptors failed to carry their burden, by clear and convincing evidence, that such assets existed at the time of Ralph Crain's death and should have been included in the

6

amended inventory.  *See, e.g.*, *Luoma*, *supra*, at ¶18.

**{¶25}** The assignment of error lacks merit.

**{¶26}** The judgment of the Trumbull County Court of Common Pleas, Probate Division, is affirmed.

CYNTHIA WESTCOTT RICE, P.J., concurs,

TIMOTHY P. CANNON, J. concurs in judgment only with a Concurring Opinion.

_____

TIMOTHY P. CANNON, J. concurring in judgment only.

**{¶27}** I respectfully concur in judgment only.  I write separately because I disagree with the majority's position that the standard of review in this case is abuse of discretion.

**{¶28}** Many appellate decisions pronounce that we review orders from the probate court for abuse of discretion, and many probate court orders should be reviewed for abuse of discretion.  For example, a probate judge clearly has discretion to determine who is best suited for appointment as a guardian or administrator of an estate.  *See In re Estate of Ryan*, 11th Dist. Lake No. 2010-L-075, 2011-Ohio-3891, ¶23 (citations omitted).  However, there are many probate orders, including this one, to which that standard of review simply does not apply.

**{¶29}** If an asset was owned by the decedent at the time of his or her death, and there is no survivorship owner or designated beneficiary, the asset belongs on the estate inventory.  R.C. 2115.02; *see also In re Estate of Boccia*, 11th Dist. Trumbull

7

No. 2007-T-0060, 2008-Ohio-4764, ¶16. Therefore, the probate court does not have discretion as to what should or should not be included on an estate inventory. Instead, the probate court must make factual findings based on the evidence presented and determine whether those findings support that the asset should be included on the inventory.

{¶30} Appellants assert that the trial court erred in denying the exceptions to the inventory and attack the alleged failure on the part of the estate administrator to conduct an adequate investigation into the existence of cash. A review of the administrator's testimony and cross-examination reveals no such inadequacy. The burden to establish that an asset is missing from inventory is on the party objecting to the inventory. *Boccia*, *supra*, at ¶29 (citations omitted). That burden is not met by simply contending the administrator could have or should have done some nonspecific task in an effort to discover an asset that may or may not exist. If the administrator was not diligent in the performance of his or her obligations, or violated a fiduciary duty to the estate or beneficiaries, the offended party could request removal of the administrator or ask the court to direct the administrator to engage in some specific investigation.

{¶31} The probate court conducted an evidentiary hearing and made a factual determination that the exceptions to the inventory were not well taken. It then made the correct legal decision that the exceptions should be overruled. Because there is competent, credible evidence to support the trial court's decision, it should be affirmed on appeal. *See Whitaker v. Estate of Whitaker*, 105 Ohio App.3d 46, 53 (4th Dist.1995) (citations omitted) ("Regarding factual determinations, a trial court will not be

8

reversed where there is some competent, credible evidence going to all essential elements of the case.").