[Cite as *In re Estate of Wolff*, 2023-Ohio-4457.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re Estate of John R. Wolff

Court of Appeals No.  L-22-1252

Trial Court No.  2016 EST 1247

<u>**DECISION AND JUDGMENT**</u>

Decided:  December 8, 2023

* * * * *

Stewart W. Jones, for appellees.

Scott A. Winckowski, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} Appellant Thomas C. Wolff, appeals the September 28, 2022 judgment of the Lucas County Probate Court denying his Objection and Exceptions to Fiduciary's Account for the Estate of John R. Wolff.  Because there was no plain error in the probate court's determination that the amount in dispute was properly categorized as part of the estate, the judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} The relevant facts are undisputed. In 2013, the decedent, John Wolff, and his son, Thomas Wolff ("Wolff"), entered into a business relationship buying, renovating, and selling houses. Their first house sold in 2014, and they split the profits.

{¶ 3} On January 27, 2016, they each signed the purchase agreement for a second property located in Metamora, Ohio (the "Property") for $50,000. On February 18, 2016, decedent, using a personal bank account, requested a cashier's check in the amount of $27,000 that was made payable to Midwest Title. Decedent died the following day at his home. Wolff, after discovering the decedent's body, searched for and located the cashier's check in a briefcase. He tendered the check at the February 24, 2016 closing on the Property. The deed was executed in Wolff's name only. Following renovations, the Property sold in September 2016, for a loss.

{¶ 4} The decedent died testate. On June 27, 2016, the estate was opened and the will admitted to probate. The decedent's heirs include his five sons and one daughter; son, William, and daughter, Patricia, were appointed as co-executors. The executors' August 3, 2016 schedule of assets included a $27,000 loan from the decedent to Wolff, which was characterized as a loan for the purchase of the Property. The loan was included in the March 6, 2017 fiduciary's account.

{¶ 5} On April 12, 2017, Wolff objected to the fiduciary's account arguing that he did not have an outstanding loan with the estate and that the monies transferred were

2.

intended for use in the parties' real estate venture. After multiple continuances and delays due to the COVID-19 pandemic, a hearing on the objection was held on June 22, 2022.

{¶ 6} On September 13, 2022, the magistrate denied Wolff's objections and concluded that the check was an asset of the estate and that Wolff had no legal claim to it because it was in the decedent's possession at his death. The probate court adopted the magistrate's decision. No objections to the magistrate's decision were filed. This appeal followed.

## II. Assignment of Error

{¶ 7} Wolff raises the following assignment of error on appeal:

Assignment of Error: The magistrate and probate judge erred by finding the $27,000 certified check was a loan and an asset of the estate of John R. Wolff.

## III. Analysis

{¶ 8} Wolff failed to file objections to the magistrate's decision. Under Civ.R. 53(D)(3)(b)(i), "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Further,

a party *shall* not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated

3.

as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii),

unless the party has objected to that finding or conclusion as required by

Civ.R. 53(D)(3)(b).

(Emphasis added.) Civ.R. 53(D)(3)(b)(iv).

{¶ 9} In accordance with Civ.R. 53, our review of the trial court's judgment in this case is limited to plain error. *In re Estate of Stotz v. Stotz*, 6th Dist. Sandusky No. S-22-014, 2023-Ohio-663, ¶ 18, citing *Lake Twp. v. Walbridge*, 6th Dist. Wood No. WD-21-008, 2021-Ohio-3761, ¶ 31.

"[I]n order for a court to find plain error in a civil case, an appellant

must establish (1) a deviation from a legal rule, (2) that the error was

obvious, and (3) that the error affected the basic fairness, integrity, or

public reputation of the judicial process and therefore challenged the

legitimacy of the underlying judicial process."

*In re Estate of Stotz v. Stotz* at ¶ 20, quoting *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, 103 N.E.3d 784, ¶ 40.

{¶ 10} Wolff's argument is that R.C. 2113.50 authorized him to complete the purchase of land as contemplated by the parties. The section relevantly provides:

When a person who has entered into a written contract for the

purchase of an interest in real property dies before the conveyance of the

interest to the person, the executor or administrator of the decedent's estate,

4.

the surviving spouse, any heir, or any devisee or legatee having an interest in the contract *may file an application for authority to complete the contract in the probate court of the county in which the executor or administrator was appointed.* Notice of the time of the hearing on the application shall be given to the surviving spouse and heirs, if the decedent died intestate, and to the surviving spouse and devisees or legatees having an interest in the contract, if the decedent died testate, to the executor or administrator, if not the applicant, and to all other persons having an interest in the real property that is the subject of the contract.

{¶ 11} Here, following decedent's death, Wolff searched for and found the check which at that point was estate property. *See In re Estate of Distelhorst*, 2016-Ohio-413, 58 N.E.3d 476, ¶ 33 (4th Dist.), citing *In re Estate of Kemp*, 189 Ohio App.3d 232, 2010-Ohio-4073, 937 N.E.3d 1102, ¶ 7 (3d Dist.) ("[I]tems or assets properly included in an estate inventory include all assets owned by a decedent at the time of his or her death, even items that were transferred or disposed of after his or her death but prior to the administration of the estate"). Wolff never filed an application for authority to complete the contract for the purchase of the Property under R.C. 2113.50. Instead, he used the check to complete the transaction in contravention of the procedure set forth in the statute. Thus, for purposes of the estate inventory, it was irrelevant that Wolff tendered the check. Accordingly, the trial court did not deviate from any legal rule or commit any

5.

obvious error when it concluded that the check was an asset of the estate and that Wolff

owed the estate the amount of the check.  Wolff's assignment of error is not well-taken.

## IV. Conclusion

{¶ 12} Based on the foregoing, the September 28, 2022 judgment of the Lucas

County Probate Court is affirmed.  Pursuant to App.R. 24, Wolff is assessed the costs of

this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                           _____
                                               JUDGE
Gene A. Zmuda, J.            

                                  _____
Charles E. Sulek, J.                                                  JUDGE
CONCUR.

                                  _____
                                               JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.